301 So.2d 196

**C. P. ROBBINS & ASSOCIATES,**
a corporation, et al.

v.

Kelly STEVENS and Wanda Stevens.

Civ. 337.

Court of Civil Appeals of Alabama.

Oct. 2, 1974.

Richard C. Belser and David B. Byrne, Jr., Montgomery, for appellants.

John L. Capell and Champ Lyons, Jr., Montgomery, for appellees.

WRIGHT, Presiding Judge.

This is an appeal from verdict and judgment for plaintiff in a suit for breach of a written warranty in the construction of a house.

Original suit was in two counts. Count one on implied warranty and count two on a written warranty. Count one went out on demurrer. Trial by jury was on count two. Verdict and judgment was against defendants C. P. Robbins & Associates, C. P. Robbins and Inez C. Robbins in the amount of $4,215.00. Defendants' motion for new trial was denied and they appealed.

On January 7, 1971, plaintiff Kelly Stevens entered into a purchase agreement for a house with C. P. Robbins. On March 10, 1971, a warranty deed to plaintiffs was executed by C. P. Robbins and Inez C. Robbins. On the same date a written warranty was executed by C. P. Robbins for C. P. Robbins & Associates to plaintiffs. The warranty was that the house had been constructed in substantial conformity with plans and specifications as approved by the Federal Housing Commissioner and Administrator of Veterans' Affairs. A part of the specifications was the provision that all construction should equal or exceed the applicable provisions of the VA Minimum Property Standards. The warranty further provided that it applied only to instances of non-conformity as to which the purchasers should give written notice to the warrantor within one year from date of conveyance or date of occupancy, whichever first occurred. The record indicates that within the year of the warranty, lengthy and explicit notice of many charged defects in the building was given by the plaintiffs, both orally and in writing. Correction or attempted correction was made in some of the defects. Inspections were made by FHA and VA inspectors, with final approval of completion given by these agencies.

It was shown by the evidence that the minimum property standards referred to in the warranty required the correction of poor workmanship and required that workmanship be of acceptable quality. There was testimony by qualified experts in various aspects of construction that in many related incidents there was an absence of workmanship of acceptable quality in the trade of the area.

Appellants-defendants' first charge of error was assignment 6, which is:

"The trial court erred in charging the jury that the jury would have to determine whether both defendants were parties to the contract of warranty, since the undisputed evidence shows that appellant Inez C. Robbins was not a party to the alleged contract of warranty."

Assignment of error 6 is related to assignment of error 7 which charges error in the overruling of defendants' motion for new trial, which motion included the ground of a fatal variance between the pleading and proof. Such variance is stated to be that the complaint charged a joint warranty by the defendants and the evidence showed the warranty given only by C. P. Robbins.

We have examined the oral charge of the court in relation to assignment of error 6. We find no charge as alleged by defendants. Neither do we find an exception to the charge on such ground. Assignment 6 is without foundation in the record and is contrary to the requirements of Rule 51 of the Rules of Civil Procedure.

As to assignment of error 7, the charge of a variance between pleading and proof comes too late on a motion for new trial. This was true under Rule 34 of the circuit court prior to adoption of the new rules of practice and procedure, (Cobb Kirkland Motor Co. v. Rivers, 46 Ala.App. 686, 248 So.2d 725) and is equally the case under Rules 50 and 59 of Rules of Civil Procedure. The record fails to disclose any objection to evidence on the ground

that it was in variance to the issues presented by the complaint. The warranty was received in evidence without objection. There was no effort to amend the defenses. There was no objection to the court's charge nor any motion for directed verdict giving as grounds therefor a variance between pleading and proof. There was no motion for judgment notwithstanding the verdict. Assignment 7 presents nothing for review on appeal.

■ Appellants next charge error in the admission of evidence as to defects in the roof, carpet, plumbing and carpentry workmanship. Appellants contend admission of such evidence was error on two grounds: first, though the warranty required construction in substantial conformance with the plans and specifications, failure to so construct was not actionable if such failure is corrected after notice; second, determination of satisfactory performance or repair was for the FHA or VA inspectors. Appellants contend that repairs of defects noted by plaintiff had been approved by the FHA and VA inspectors and determined by them to be in accordance with plans and specifications. Appellants further contend that after some repairs, plaintiffs had made no further complaint and thus accepted them. In summary, appellants submit that proof of defects in construction was not admissible in evidence after such alleged defects had been certified as corrected or found not to be the builder's responsibility by the Veterans' Administration.

Our examination of the warranty fails to disclose any condition precedent to liability thereunder which requires that VA or FHA inspectors shall be the final arbitors as to what is or is not construction in substantial conformity with the plans and specifications. There is stamped on the plans and specifications a legend that as between the builder and the FHA or VA such agencies shall determine through their inspectors whether or not the construction is completed in accordance with the minimum property standards. Such stipulation

was made prior to construction and was for the protection of the government agency as the guarantor to the lending agency which would lend to the purchaser the purchase price.

The warranty as pertinent reads as follows:

"The undersigned warrantor hereby warrants to the purchaser . . . that;

The dwelling . . . is constructed in substantial conformity with the plans and specifications which have been approved in writing by the Federal Housing Commissioner or the Administrator of Veteran Affairs . . . ."

The argument of appellants has been considered in several cases involving contracts for construction of houses according to plans and specifications approved by the Federal Housing Commissioner or the Administrator of Veterans' Affairs. Helm v. Speith, 298 Ky. 225, 182 S.W.2d 635, Montgomery v. Kimbrough Homes, 214 Miss. 519, 59 So.2d 273. Fox v. Webb, 268 Ala. 111, 105 So.2d 75. It was said in Fox v. Webb, supra, as follows:

"The adoption, however, of FHA standards and placing them in the contract is quite different from agreeing to abide by the judgment of FHA inspectors."

Though the instant case involves a warranty of construction rather than a contract for construction as in Fox v. Webb, *supra,* there is a close relationship. The adoption of FHA standards as a basis for warranty did not mean that a certification of compliance by the FHA was conclusive of plaintiffs' rights under the warranty. The issue of substantial conformity was one of fact for the jury to be determined according to legal evidence.

■ Appellants argue that the thrust of plaintiffs' evidence at trial was under a theory of implied warranty that the house was not constructed in a good and workmanlike manner. Appellants appear to be-

lieve that evidence of poor workmanship is not an element involved in the express warranty requiring substantial conformity to plans and specifications. If that is appellants' position, we cannot agree. In construing an express warranty that the house was completed in substantial conformity with specific plans and specifications there must be implied therefrom that the workmanship involved has been performed in accordance with reasonably acceptable standards of the area. Plans are nothing more than schematic drawings. Specifications are nothing more than material requirements. It is the manner in which the two are put together and implemented that determines the value of the finished product. Aubrey v. Helton, 276 Ala.134, 159 So.2d 837.

■ It is a general rule in contracts for work or services that there is implied a duty to perform with that degree of skill or workmanship which is possessed by those of ordinary skill in the particular trade for which one is employed. Sherrill v. Alabama Appliance Co., 240 Ala. 46, 197 So. 1. In the instant case of an express warranty of construction according to plans and specifications, we consider implied therein the assurance that such plans and specifications were followed and put together in a good and workmanlike manner. Failure of such assurance constitutes a breach of warranty.

We consider that we have just said to be dispositive of appellants' argument under assignments of error 11, 15 and 16. Such argument charges that the verdict is contrary to the evidence or the general preponderance thereof and that the verdict was excessive. It is contended that evidence as to matters of poor workmanship was not properly before the jury because such was not covered by the warranty. We cannot accept appellants' contention.

Appellants present the same argument as to assignments of error 12, 13 and 14. Those assignments are directed to the court's oral charge and requested charge 7

of plaintiffs. In its oral charge and in the requested charge the court stated nothing more than what we have said above—that is, the defendants were under a duty to execute the plans and specifications in a good and workmanlike manner as is common to the housebuilding trade in the area of Montgomery. We find no error in such charge.

We pretermit consideration of appellees' contention that assignments 11, 15 and 16 are not for review for failure of appellants to properly comply with Rule 50 of the Rules of Civil Procedure. Neither do we need consider that assignments 12, 13 and 14 are not for review because of failure of appellants to comply with Rule 51, Rules of Civil Procedure.

■ Appellants' remaining assignments of error, 1, 9 and 10, complain of admission into evidence numerous photographs of areas of the house and a tape recording of noises emanating from the plumbing. Argument in brief is that no predicate was laid for introduction of the photographs as it was not shown that the matters depicted occurred or existed during the warranty period of one year. The record indicates objection by appellants to admission of the photographs was grounded upon the fact that they were "close-ups" and failed to show a true picture of the area. We find no objection for failure of a predicate. Objection was overruled on the ground stated because the matter complained of did not go to admissibility but only to the weight to be given by the jury. The objection as stated was properly overruled. Having specified grounds of objection, appellants waived other grounds and cannot on appeal contend error on grounds not specified. Granberry v. Gilbert, 276 Ala. 486, 163 So.2d 641. The record further discloses that any such deficiency in the predicate was cured by testimony of plaintiff that the matters shown by the photographs were present at the time complaint of defects was made by letter to defendants within the warranty period. It is further clear that any possible prejudice

arising from the photographs was removed by the granted request of defendants that the jury view the premises and examine the alleged defects for themselves.

 We come now to the assigned error in the admission of a tape recording of sounds stated by plaintiff to have been made by the plumbing when taps were opened. We find no case in which the appellate courts of Alabama have considered the admissibility of tape recordings in a civil case. The admissibility of tape recordings of confessions and conversations have been several times considered by our appellate courts in criminal cases. Wright v. State, 38 Ala.App. 64, 79 So.2d 66; Fikes v. State, 263 Ala. 89, 81 So.2d 303; Alonzo v. State ex rel. Booth, 283 Ala. 607, 219 So.2d 858. In these cited cases tape recordings have been held admissible according to discretion of the court after establishing a proper foundation according to specified rules. The case of Wright v. State, *supra,* set out the rules for testing admissibility. We will not repeat them here. We do observe that the tape in this case was played before the court outside the presence of the jury. Appellants were given the opportunity to and did conduct voir dire examination of the operator of the recorder. The operator's qualifications were shown and were not challenged. She stated that the noises produced by the recorder were the same as she heard on the occasion of the recording and at other times. The circumstances under which the recording was made were described. The objections to admission were that the noise produced was not a normal noise, that there was no authority for admission of such recording in Alabama and that the best evidence would be for the jury to visit the scene. The latter objection was removed when the jury did visit the scene and the others were properly overruled.

Appellants' argument that such sound recording is hearsay and not subject to cross-examination has been rejected by the courts. NLRB v. Tex-Tan, Inc., (5th Cir.), 318 F.2d 472, 58 A.L.R.2d 1041. In the instant case, the recording is nothing more than mechanical corroboration of the sounds heard and described by the witness. Such witness was available for cross-examination both as to the sound heard and the method used for capturing it on tape. In this electronic and scientific age the courts would be grossly remiss to fail to allow use of such instruments, under proper safeguards, in conveying truth to the jury. It is well known that electronic instruments are capable of capturing sounds more accurately than the human ear and preserving them for playback more completely than the human brain. In this case, the record indicates the trial court properly exercised its discretion in admitting the recording into evidence. Finding no error in the matters assigned, the judgment of the trial court is affirmed.

Affirmed.

BRADLEY and HOLMES, JJ., concur.