The appellant was indicted and convicted for the unlawful, willful and felonious sale of marijuana. A jury found the appellant guilty and the trial court sentenced him to eight years in the penitentiary. The appellant's retained trial counsel was appointed by the lower court to represent him on appeal.
The evidence produced by the state revealed that on June 18, 1976, the appellant approached Mike Connor, a Special Contract (undercover) investigator for the Alabama Department of Public Safety, and asked Connor if he wanted to buy some "speed". At that time, a "buy" or purchase was made.
On June 24, 1976, Connor contacted Freddie L. Strength, Investigator, Narcotics Unit, Alabama Bureau of Investigation, and informed Strength that he had a buy "set up" and needed some money with which to make the purchase. Strength gave Connor sixty dollars. Connor then met with the appellant and purchased forty black capsules and two "lids" of marijuana from him.
Connor later met Strength and gave him the drugs which he had purchased from the *Page 1179 
appellant. At this time, the capsules and two lids were sealed in three separate envelopes and marked for identification.
On July 7, 1976, Connor telephoned the appellant. This conversation was recorded by State Trooper Corporal, J.D. Hobby of the Narcotics Unit, Alabama Bureau of Investigation.
After the state had presented its evidence and rested, defense counsel moved to exclude. This motion was overruled and the defendant rested without producing any evidence in his behalf.
 I
The appellant maintains that the trial court committed reversible error in admitting into evidence the tape recording of the telephone conversation between the appellant and the undercover agent in that a proper predicate was not laid. Specifically, the appellant maintains that before the tape recording was introduced into evidence, the state did not show (1) that the recording device was capable of taking testimony and accurately recording the conversation and (2) that the operator of the recording device was competent.
The admissibility of tape recordings of conversations with persons accused of crimes and played to the jury have been approved by the appellate courts of Alabama. C.P. Robbins Associates v. Stevens, 53 Ala. App. 432, 301 So.2d 196 (1974);Wright v. State, 38 Ala. App. 64, 79 So.2d 66, cert. denied,262 Ala. 420, 79 So.2d 74 (1954); Fikes v. State, 263 Ala. 89,81 So.2d 303 (1955); Lykes v. State, 54 Ala. App. 7, 304 So.2d 249
(1974) and authorities cited at 54 Ala. App. 9; 6 Alabama Digest, Criminal Law, 438.1.
Tape recordings have been held admissible according to the discretion of the court after establishing a proper foundation according to specified rules. The case of Wright v. State, supra, set out the rules for testing admissibility. Stevens, supra.
 "In general, where the accuracy of the machine in producing the recording and the accuracy of the recording being established, together with a showing as to the voluntary character of the statement, there can be no question as to the admissibility of a recorded statement, in so far as the statement is material to the issues of a case."
In accordance with the procedures suggested in Wright, the trial court first, out of the hearing of the jury, had the recording played before it with the appellant and his counsel and the District Attorney present. The trial court then determined that the tape was "audible enough and material enough to be admitted to the jury as evidence".
We note that the recording was not the only evidence offered to incriminate the accused.
In view of the testimony of Agent Connor that after his telephone conversation with the appellant he heard the recording played and that the recording accurately and substantially reflected the conversation in which he had participated. The failure of the state to prove that the recording device used to record the conversation was capable of taking testimony was not error. Strict adherence to the Wright requirements are not always necessary. Flannagin v. State, 289 Ala. 177, 266 So.2d 643
(1972).
 II
The appellant further contends that the trial court erred in admitting into evidence a brown manila envelope and a package of marijuana contained therein because the state failed to prove a complete chain of custody.
We will not detail the entire chain of custody in this opinion. It is sufficient to note that the appellant alleges the chain was broken after the marijuana had been examined by the state toxicologist and he had handed it over to a court reporter in a previous trial of the appellant. The appellant contends that the court reporter failed to testify where the exhibits were located while held in her custody and whether they were in substantially the same condition when transferred to an Assistant District Attorney as they were when received. *Page 1180 
We are not convinced by the appellant's argument that a proper chain of evidence had not been established. To warrant the reception of an object in evidence against an objection that an unbroken chain of custody has not been shown, it is not necessary that it be proved to an absolute certainty, but only to a reasonable probability, that the object is the same as, and not substantially different from, the object as it existed at the commencement of the chain. Dennison v. State, 259 Ala. 424, 427,66 So.2d 552 (1953); Mullins v. State, 56 Ala. App. 460,323 So.2d 109 (1975); Jemison v. State, 40 Ala. App. 581, 120 So.2d 748
(1960).
Additionally we note that the testimony of a state toxicologist, in connection with other testimony, was sufficient to make out a case against the appellant without the introduction of the actual marijuana itself. Warren v. State, 52 Ala. App. 35,288 So.2d 817 (1973); Taylor v. State, 47 Ala. App. 285,253 So.2d 354 (1971). The appellant has failed to point out any potential prejudice that resulted to him because of the alleged failure of the State to prove the continuous possession of the envelope and the marijuana it contained. Alabama Rules of Appellate Procedure, Rule 45. The admission of the marijuana and the envelope was not error.
 III
Finally the appellant asserts that the trial court erred in allowing Officer Hobby to testify to "street talk" regarding drugs in that a sufficient foundation was not laid to qualify him as an expert in "street talk".
Officer Hobby testified that he was familiar with "street talk drugs", had been in the drug enforcement business for three years, and during that time had had occasion to become familiar with "drug talk". He defined the meaning of the words "lid", "domestic", "pancakes", "speckled bird", and "mushrooms".
Whether a witness is shown to possess the requisite qualifications to give expert testimony is a preliminary question addressed to the sound discretion of the trial judge. Chapin v. State, Ala.Cr.App., 333 So.2d 599, cert. denied, Ala., 333 So.2d 609 (1976). The decision of the trial court on this issue will not be disturbed on appeal in the absence of an abuse of that discretion. Luckie v. State, 55 Ala. App. 642,318 So.2d 337, cert. denied, 294 Ala. 764, 318 So.2d 341 (1975). Here we find that the officer was properly qualified to define slang words used in "street talk" regarding drugs.
Having reviewed the entire record, and finding no error, this court is of the opinion that the judgment of the trial court is due to be and is hereby
AFFIRMED.
All Judges concur.