WRIGHT, Presiding Judge.
This is an implied contract case.
On September 20,1980, William and Margaret Alonzo, plaintiffs, entered into a writ *1332 ten agreement of sale with Ted B. Watts and Watts Homes, Inc. (Watts), defendant, for the sale of a lot and the construction of a garden home with certain specifications as provided in an addendum to the agreement of sale. After defendant completed construction of the garden home, plaintiffs moved in on January 20, 1981.
Several weeks after plaintiffs moved in, they dug up a one-foot-by-two-foot strip of sod to plant a flower bed. Shortly thereafter they experienced flooding in the area of the yard where the flower bed was planted. Defendant attempted to correct the flooding, but water continued to stand in plaintiffs’ yard and rose to levels likely to flood the house of an adjoining neighbor.
When defendant refused further corrective measures, plaintiffs undertook further steps at their own expense to correct the drainage problem. While the flooding condition did improve, additional corrective work remains to be done.
On September 22, 1982, plaintiffs filed a complaint against defendant alleging breach of contract, fraud, fraud and rescission, and a continuing trespass to their land. Defendant answered and counterclaimed for expenses incurred in repairing damage to the adjoining neighbor’s house resulting from flooding allegedly caused by plaintiffs’ flower bed.
At trial the jury returned a verdict in favor of plaintiffs as to their claims for breach of contract and continuing trespass and awarded them damages in the amounts of $4,100 and $336 respectively. The jury returned a verdict in favor of defendant as to the fraud count and in favor of plaintiffs as to defendant’s counterclaim. Defendant moved for a judgment notwithstanding the verdict and/or a new trial. The court denied his motion and he appeals.
The essential issue on appeal is whether the trial court erred in denying defendant’s motion for a directed verdict and subsequent motion for a judgment notwithstanding the verdict and/or a new trial as to the breach of contract claim. Defendant argues the claim is a tort action and therefore is barred by the one-year statute of limitation found in § 6-2-39, Code of Alabama 1975. He also argues that the jury’s verdict is contrary to the weight of the evidence regarding the breach of contract claim, in that no evidence was presented to show that defendant failed to perform the contract in a skillful and workmanlike manner.
Our first task in resolving the case at bar is to determine whether the nature of the claim is tort or contract. In Berry v. Druid City Hospital Board, 333 So.2d 796 (Ala.1976), Justice Shores wrote, “[Ujnfor-tunately a distinction between misfeasance and nonfeasance was made in some cases to deny a plaintiff an action in contract if any attempt was made at performance by the defendant.” She continued, stating that exclusively equating nonfeasance with contract and misfeasance with tort is an unnecessarily limiting restriction and that it has long been the rule in Alabama and most other states that “an action for breach of contract can arise by virtue of misfeasance.” Id. at 800. The manner of performance as well as the terms of performance of a contract may be implied from the facts. See Horton v. Northeast Alabama Regional Medical Center, Inc., 334 So.2d 885 (Ala.1976).
In Wright v. Sears, Roebuck & Co., 355 So.2d 353 (Ala.1978), plaintiff sued defendant when he negligently failed to properly perform his contract with plaintiff to install a heating unit, and a fire resulted in plaintiff’s home. The trial court dismissed plaintiff’s claim, determining that the complaint sounded in tort and was thereby barred by the one-year statute of limitation contained in § 6-2-39. The Alabama Supreme Court reversed, finding the claim sounded in contract and therefore suit was not barred.
Though defendant attempts to characterize plaintiffs’ complaint as a tort action, we cannot agree.
“It is a general rule in contracts for work or services that there is implied a duty to perform with that degree of skill or workmanship which is possessed by *1333 those of ordinary skill in the particular trade for which one is employed. Sherrill v. Alabama Appliance Co., 240 Ala. 46, 197 So. 1. In the instant case of an express warranty of construction according to plans and specifications, we consider implied therein the assurance that such plans and specifications were followed and put together in a good and workmanlike manner. Failure of such assurance constitutes a breach of warranty.”
C.P. Robbins & Associates v. Stevens, 53 Ala.App. 432, 436, 301 So.2d 196, 199 (1974). Even in the absence of an express agreement to perform in a skillful manner if the parties by “their conduct have manifested mutual assent to its terms, it is an implied contract implied from the facts.” Sims v. Etowah County Board of Education, 337 So.2d 1310, 1313 (Ala.1976).
The next question is whether an implied warranty existed in the present case. “In pleading an action on a contract implied in fact, the allegations must show the facts and circumstances from which the agreement can be inferred.” Carter v. Calhoun Board of Education, 345 So.2d 1351 (Ala.1977), citing Wright & Miller, Federal Practice and Procedure: Civil § 1235; Berry v. Druid City Hospital Board, supra. The court in Carter observed that the spirit of the rules does not require exacting particularity in the allegations but rather requires that defendant be sufficiently informed of what plaintiffs claim is and the grounds upon which it is based. Id.
In the present case the complaint states in pertinent part as follows:
“Defendants did not perform the contract on their part but on the contrary Defendants designed and erected said building, and graded and prepared drainage for said building and premises in so unskillful manner that the yard, planting, patio, walkways, carport-garage became flooded causing damage thereto and interfering with the Plaintiffs use thereof.”
We consider the complaint adequately alleges facts and circumstances from which an implied contract could be inferred and which sufficiently informs Watts of the nature of the claim and the reasons therefor. Once past the hurdle of an adequate complaint, plaintiffs have the burden of proving Watts did impliedly promise to furnish them a habitable place to live and that such agreement was breached. Carter v. Calhoun County Board of Education, supra.
Defendant’s second contention is that the verdict is against the weight of the evidence in that no evidence was presented to prove the proper standard of care due or that Watts negligently failed to meet such standard. In Sims v. Lewis, 374 So.2d 298 (Ala.1979), the elements of a cause of action for implied warranty were delineated: (1) plaintiffs purchased a new residence from defendants; (2) defendants had constructed the residence; (3) the residence had not been inhabited by any other person or persons prior to the purchase of the residence;. (4) the residence was constructed by defendant for purposes of sale and was in defective condition which impaired the habitation of the premises; (5) plaintiffs were not aware of the defective condition and were not possessed of any knowledge or notice by which they could have reasonably discovered it; and (6) by reason of the defective condition, plaintiffs suffered damages in the fair market value of the residence.
The first three factors above are uncontested in the evidence. Though the latter three factors were disputed at trial, there is evidence in the record to support a finding that the latter three elements were met. As there is evidence to support the verdict, we cannot say the trial court erred in denying defendant’s motions. A motion for directed verdict or judgment notwithstanding the verdict is proper only where the evidence, when viewed in the light most favorable to the non-moving party, reveals a complete absence of proof on a material issue, or where there are no disputed questions of fact upon which reasonable people *1334 could differ. See Caterpillar Tractor Co. v. Ford, 406 So.2d 854 (Ala.1981). Moreover, we cannot overturn the trial court’s denial of defendant’s motion for a new trial unless we determine the verdict was plainly and palpably in error. Holcombe v. Blackwell, 382 So.2d 566 (Ala.Civ.App.1980). We cannot so hold; therefore we affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.