HOLMES, Judge.
This is a breach of contract case. The defendant appeals from a $3,500 judgment entered in favor of the plaintiffs-. We affirm.
Viewing the record with the attendant presumptions accorded the trial court’s decree, the following is pertinently revealed.
The plaintiffs, John and Alicia Poore, contracted with the defendant to build them a three-bedroom home on their property in Etowah County. The price set in the oral contract was $32,500. The plaintiffs moved into the house in August of 1977, and within two weeks their air conditioner went out. Also, after moving in, the plaintiffs discovered various defects in the house’s construction, e.g., that a shower had been installed backwards, that the builder had left a hole above the kitchen sink when he relocated a light fixture, that two bedroom windows leaked excessively whenever it rained, that one of the windows "popped out” on windy days, and that reinforcing wire in the concrete driveway was exposed. The Poores called on the defendant to correct these defects and he attempted to do so at no cost to the Poores. However, some of his repair attempts did not satisfy the plaintiffs.
*802 Sometime in 1979 or 1981, the plaintiffs noticed that their roof was buckling in several places. A local roofing contractor who examined the roof on the plaintiffs’ request said that the buckling was caused by the builder’s possibly placing the plywood too close together, using the wrong kind of nails, and failing to drive the nails into the rafters. He said to correct the buckling the majority of the roof decking would have to be replaced, at a cost of $3,105.
After hearing the testimony of the plaintiffs’ roofing experts and hearing that the plaintiffs had not been satisfied with the defendant’s attempts to repair the windows and the hole above the sink, the trial court entered judgment in favor of the plaintiffs for $3,500, finding that “plaintiffs and defendant entered into a contract and the defendant breached said contract....”
The defendant, through able counsel, makes two arguments on appeal, neither of which requires reversal. The first is that the plaintiffs failed to state a claim under the doctrine of implied warranty of habitability. The second argument is that the plaintiffs’ allegations based upon misrepresentation of fact are barred by the statute of limitations.
The defendant’s first argument is without merit in this instance because the warranty the defendant deals with was not at issue in the instant case. An implied warranty of habitability generally arises when someone purchases a new home from a builder/vendor. The plaintiffs did not purchase a ready-built home; instead, they contracted with the defendant to build a home on their own land according to plans the plaintiffs supplied. The implied warranty the plaintiffs rely upon here is a different one; plaintiffs based their case upon the defendant’s implied duty to perform the construction work with the degree of skill and workmanship possessed by those of ordinary skill in the construction trade. See C.P. Robbins & Associates v. Stevens, 53 Ala.App. 432, 301 So.2d 196 (1974). Accordingly, the defendant’s argument based upon the inappropriateness of an implied warranty of habitability must be rejected.
The defendant’s second argument, that the plaintiffs’ fraud count is barred by the one-year fraud limitations statute found at § 6-2-3, Ala.Code (1975), provides no grounds for reversal, because the $3,500 judgment for the plaintiffs is fully supportable on the contract count. In fact, in its ruling the court specifically relied upon count one, stating that it found a breach of contract. Therefore, the fact that count two might be insufficient to support the judgment is irrelevant. See generally Clikas v. Steele, 287 Ala. 270, 251 So.2d 575 (1971). Cf Pan American Fire & Casualty Co. v. DeKalb-Cherokee Counties Gas District, 289 Ala. 206, 266 So.2d 763 (1972) (question on appeal is whether judgment is supportable on any ground).
We further specifically note that the evidence, as indicated, supports the judgment of the trial court, and therefore the judgment is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.