The defendant, Charter Southland Hospital, appeals from the judgment of the trial court in favor of the plaintiff, John M. Eades, in a breach of contract action. Eades, a psychologist, brought suit against the hospital, alleging that the hospital wrongfully discontinued his personal services contract. The hospital claims it had the right to terminate the contract because it had determined Eades was mentally, emotionally, and psychologically unable to provide services to the hospital. As a basis for its claim, the hospital claimed that Eades had made sexual advances toward its employees and that it feared that Eades might act similarly toward its patients. The trial court found that the hospital did in fact breach the contract and awarded damages to Eades. We agree and affirm.
Eades, a psychologist specializing in the treatment of addictive diseases, states that he was never an employee of the hospital. He argues that he is an independent contractor under contract with the hospital. The relevant contract provided that the term was for one year and that the hospital could terminate the contract "upon written notice [to] the consultant in the event that (i) consultant dies or becomes disabled to the point services cannot be provided to the hospital or (ii) consultant is convicted of a felony."
The hospital argues that, although its grounds for terminating the contract were not contained within the contract itself, an implied cause for termination existed; therefore, it says, Eades's dismissal was lawful. The hospital cites many cases from which it argues that implied causes can exist between employer and employee. However, the evidence in this case clearly shows that the relationship between Eades and the hospital was that of an independent contractor. Eades performed consulting services 20 hours a week. The Hospital was not responsible for, nor in charge of, Eades's schedule or his methods of consulting. An implication of a duty rests in the intent of the parties as expressed in a written agreement.Percoff v. Solomon, 259 Ala. 482, 67 So.2d 31 (1953). The party that asserts an implied obligation has the burden of proving that it exists. Watts Homes, Inc. v. Alonzo, 452 So.2d 1331
(Ala.Civ.App. 1984). In the present case, the contract specifically sets forth the method of termination. The hospital argues that Eades was disabled, in that he made sexual advances toward the hospital's employees. However, the hospital did not introduce any medical or psychological evidence that Eades was in fact "disabled." Testimony that was introduced on sexual misconduct was conflicting. It was the hospital's burden to prove to the trial judge that Eades's alleged misconduct made him disabled to the extent that it was justified in terminating his contract.
 Generally, when the trial court hears ore tenus evidence, its findings based upon that evidence are presumed correct and will not be disturbed on appeal unless shown to be plainly and palpably erroneous.
Abel v. Forrest Realty, Inc., 484 So.2d 1069, 1071 (Ala. 1986).
Our review of the record compels us to conclude that the hospital failed to discharge *Page 983 
its responsibility to prove that Eades's conduct amounted to a disability as set forth under the terms of the contract. Therefore, the judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.