This is an appeal from the trial court's judgment dismissing the plaintiff's complaint. We affirm.
 FACTS AND STATEMENT OF THE CASE
On June 25, 1986, Phillip Campbell critically injured his spine while cutting pulpwood for Emries Campbell, his father. Phillip Campbell sued Emries Campbell for benefits under the Workmen's Compensation Act, Code 1975, § 25-5-1 et seq., alleging that his injuries arose out of and in the course of his employment. Phillip later amended his complaint to include as a defendant St. Clair Timber Company ("St. Clair Timber"), alleging that for purposes of coverage under the Workmen's Compensation Act he was also an employee of St. Clair Timber. St. Clair Timber denied that it employed Phillip Campbell. However, the St. Clair Circuit Court subsequently entered a consent judgment that stated that Phillip was an employee of St. Clair Timber and that St. Clair Timber would continue to pay for all necessary medical costs that were directly related to the accident. Less than three weeks later, Phillip Campbell died.
On August 3, 1980, Radiology Associates ("Radiology"), one of Phillip Campbell's health care providers, filed suit against St. Clair Timber and Employers Casualty Company ("Employers Casualty"), the issuer of St. Clair Timber's workmen's compensation policy, alleging that St. Clair Timber and Employers Casualty were responsible for the medical bills of Phillip Campbell. The complaint also alleged that St. Clair Timber and Employers Casualty's actions in avoiding payment of these medical expenses constituted "outrage." The case was dismissed for failure of the plaintiff to prosecute, *Page 1021 
but was subsequently reinstated. The defendants then moved to dismiss, arguing, inter alia, that there was no contractual relationship between the defendants and the plaintiff and, as a result, that the defendants owed no legal duty to the plaintiff. The trial court, without opinion, granted the motion to dismiss. This appeal followed.[1]
 ISSUE
The sole issue that merits review is whether there was any evidence before the trial court that a contract existed between Radiology and St. Clair Timber to pay for Phillip Campbell's medical services.
 DISCUSSION
Section 25-5-77(a) of the Workmen's Compensation Act states that the employer has the right to select the physician for the employee and that if the employee is not satisfied with the physician the employer may select a second and third physician for the employee to see. However, "if the employee obtains medical treatment from a doctor of his choice, the employer will not be held liable for the cost of the treatment" — if the employee obtains his own physician without the approval of the employer. Hood, Hardy and Saad, AlabamaWorkmen's Compensation, § 10-4, pp. 70-71 (1982). In order for Radiology to recover, it must show that either an express or an implied contract to pay for the medical services existed between itself and St. Clair Timber.
Radiology has produced no evidence that St. Clair Timber gave its express consent, either orally or in writing, to Radiology to provide services to Phillip Campbell; nor was there any evidence that St. Clair Timber agreed to pay for those services. Therefore, if a contract existed, it was an implied, and not an express, contract.
We have stated the following regarding an implied-in-fact contract:
 "An implied contract arises where there are circumstances which, according to the ordinary course of dealing and common understanding, show a mutual intent to contract. Such a contract must contain all the elements of an express contract, which rests on consent, and is to every intent and purpose an agreement between the parties, and it cannot be found to exist unless a contract status is shown."
Broyles v. Brown Engineering Co., 275 Ala. 35, 38,151 So.2d 767, 770 (1963). An implied-in-fact contract may be found from circumstances showing that a mutual agreement had been reachedId. However, Radiology has presented no circumstantial evidence that St. Clair Timber ever consented to Radiology's treatment of Phillip Campbell. Absent such evidence, this Court is not willing to find that St. Clair Timber or its insurance carrier, Employers Casualty, was contractually bound to Radiology to pay Phillip Campbell's medical bills.
Accordingly, we affirm the judgment dismissing the complaint.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.
[1] In its brief, the plaintiff alleges that Employers Casualty Company, the workmen's compensation insurance carrier for St. Clair Timber, had filed a declaratory judgment action in a United States district court in an attempt to escape liability under the policy. The brief also alleges that AMI Brookwood Hospital intervened in the federal court action and was granted a summary judgment against Employers Casualty on the issue of liability for Phillip Campbell's medical bills. However, because this order was not made a part of the record, this Court will not consider the federal court action in its consideration of the present case.