PER CURIAM.
The Utilities Board of the City of Opp (“the Utilities Board”), the third-party defendant below, appeals from the Houston Circuit Court’s August 9, 2012, order denying its motion to dismiss, on statute-of-limitations grounds, the third-party complaint filed against it by Shuler Brothers, Inc. We affirm in part, reverse in part, and remand.

Facts and Procedural History

On January 18, 2012, Alabama Electric Company, Inc. of Dothan (“AEC”) filed a complaint against Shuler Brothers, which owns and operates a wood-chipping operation. In the complaint, AEC stated claims seeking recovery for work and labor done and alleging breach of contract after Shu-ler Brothers refused to pay an invoice for repairs AEC had made to Shuler Brothers’ chipper motor. On March 23, 2012, Shuler Brothers filed an answer to the complaint and a counterclaim alleging negligence and seeking recovery for lost income.
On March 27, 2012, Shuler Brothers filed a third-party complaint against the Utilities Board seeking recovery for loss of income and $145,545 for repairs to the chipper motor. In the third-party complaint, Shuler Brothers alleged that, in December 2009, it contacted AEC and asked it to remove and repair a large chipper motor that ■ had recently failed. AEC performed the requested repair work, reinstalled the motor on January 20, 2010, and submitted an invoice for $75,000, which Shuler Brothers promptly paid.
Shuler Brothers also alleged that, on or about February 22, 2010, the motor suffered another failure, and it asked AEC to repair it. AEC performed the requested repair work, reinstalled the motor at Shu-ler Brothers’ facility on March 11, 2010, and attempted to restart it. However, immediately after it was restarted, the motor suffered what appeared to be the same failure as before, and Shuler Brothers asked AEC to repair it, which AEC did.
According to paragraph 8 of Shuler Brothers’ third-party complaint:
“[O]n March 23, 2010, [AEC] reinstalled the motor and, during start-up, was forced to shut it down before the engine failed again. [Shuler Brothers] contacted the Third-Party Defendant, the Utilities Board of the City of Opp, ... to investigate the incoming line problem. [T]he lineman from the [Utilities Board] discovered and replaced ‘3 crimped connectors’ on the incoming side of the meter and pole that were loose, cracked and showing signs of recent and old arcing damage.”
Shuler Brothers alleged that the Utilities Board was negligent in maintaining the power lines going into Shuler Brothers’ facility. It also alleged that it was foreseeable that, if the chipper motor failed, Shuler Brothers’ business would be shut down and Shuler Brothers would lose *290 income as a result. Therefore, it alleged that the Utilities Board owed it for the cost of the repairs AEC had sued it for. Finally, Shuler Brothers alleged that it did not discover the Utilities Board’s negligence until it was served with the complaint by AEC.[1]
On April 80, 2012, the Utilities Board filed a motion to dismiss the third-party complaint on statute-of-limitations grounds pursuant to Rule 12(b)(6), Ala. R. Civ. P. Specifically, it asserted that the negligence claim was governed by the two-year statute of limitations found in § 6-2-88, Ala.Code 1975. It also asserted that, even though Shuler Brothers suggested that it did not discover the Utilities Board’s alleged negligence until it was served with the complaint by AEC, paragraph 8 of the third-party complaint, quoted above, established that Shuler Brothers should have been aware of the Utilities Board’s alleged negligence as early as March 23, 2010. Therefore, the Utilities Board asserted that the third-party complaint, which was filed on March 27, 2012, was barred by the applicable two-year statute of limitations and should be dismissed.
On June 6, 2012, Shuler Brothers, which was represented by new counsel, amended its third-party complaint to add a claim alleging breach of contract. It alleged:
“[Shuler Brothers] avers that a contract existed/exists between the [Utilities Board] and [Shuler Brothers] whereby the [Utilities Board] had/has the duty to provide electrical power/service in a manner consistent with the safe and proper operation of [Shuler Brothers’] manufacturing facility as contracted. Said contract exists by virtue of the [Utilities Board] undertaking the responsibility to provide electrical power/service to [Shuler Brothers’] facility and the timely and consistent payments made by [Shuler Brothers] to the [Utilities Board] for the electrical power consumed.”
On June 7, 2012, Shuler Brothers filed a response in opposition to the Utilities Board’s motion to dismiss the third-party complaint. It argued that, even though it included allegations in its complaint about the Utilities Board’s replacing “3 crimped connectors,” it did not know at that time that the Utilities Board’s negligence regarding the condition of the power line caused the chipper motor to malfunction. Shuler Brothers also argued that, even when it filed its counterclaim on March 23, 2012, it did not know whether the damage it suffered was caused by the negligence of AEC or of the Utilities Board. Therefore, citing Desouza v. Lauderdale, 928 So.2d 1035 (Ala.Civ.App.2005), it argued that there were genuine issues of material fact as to when its injury was first discovered and that those issues precluded a judgment on statute-of-limitations grounds.
The Utilities Board filed a motion to dismiss the amended third-party complaint, arguing that, for the reasons detailed hereinafter, Shuler Brothers’ claims were barred by the two-year statute of limitations set forth in § 6 — 2—38(i), Ala. Code 1975. Citing Rumford v. Valley Pest Control, Inc., 629 So.2d 623, 627 (Ala.1993), the Utilities Board asserted that, “ ‘[gjenerally, a cause of action for injury or damage to property accrues, so as to start the running of limitations, on the date of the injury or damage.’ ” (Quoting 54 C.J.S. Limitations of Actions § 176 (1987).) Also, citing Singer Asset Finance Co. v. Connecticut General Life Insurance *291 Co., 975 So.2d 375, 382 (Ala.Civ.App.2007), it asserted that, although Shuler Brothers attempted to avoid the limitations bar by alleging that it did not discover the Utilities Board’s negligence until it was served with the complaint, “there is no ‘discovery rule’ for negligence claims that would toll the running of the statute of limitations from the time the cause of action was ‘discovered’ by the plaintiff.” Regarding the breach-of-contract claim, the Utilities Board argued that Shuler Brothers’ claim sounded in tort, rather than in contract, and that, therefore, the two-year limitations period set forth in § 6-2-38(l), Ala. Code 1975, applied. The Utilities Board asserted that all the damage occurred on or before March 11, 2010, and that the statute of limitations commenced no later than that date. Therefore, it concluded that, because Shuler Brothers waited until March 27, 2012, to file its third-party complaint against it, its claims were barred by the two-year statute of limitations.
After conducting a hearing during which the parties presented arguments concerning the motion to dismiss, the trial court accepted briefs from the parties. Thereafter, it entered an order denying the Utilities Board’s motion in which it explained: “Because factual issues remain as to when Shuler [Brothers] discovered that [its] damage[ ] may be the result of action/inaction or conduct by [the Utilities Board,] [its] motion to dismiss is ... denied.” The Utilities Board filed a motion to reconsider, which the trial court summarily denied.
The Utilities Board asked the trial court to certify its denial of the motion to dismiss for an appeal by permission pursuant to Rule 5, Ala. R.App. P. The trial court entered the requested certification, and the Utilities Board filed a petition for permissive appeal in this Court. This Court granted the petition and ordered answer and briefs.

Standard of Review

“‘The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [it] to relief. Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641 (Ala.1985); Hill v. Falletta, 589 So.2d 746 (Ala.Civ.App.1991). In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [it] may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985); Rice v. United Ins. Co. of America, 465 So.2d 1100, 1101 (Ala.1984). We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Garrett v. Hadden, 495 So.2d 616, 617 (Ala.1986); Hill v. Kraft, Inc., 496 So.2d 768, 769 (Ala.1986).’
“Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993).”
DGB, LLC v. Hinds, 55 So.3d 218, 223 (Ala.2010).
“ ‘Inasmuch as the issue before us is whether the trial court correctly denied a Rule 12(b)(6), Ala. R. Civ. P., motion to dismiss, “[t]his Court must accept the allegations of the complaint as true.” Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So.2d 285, 288 (Ala.2002). Moreover, as the defendants sought only a Rule 12(b)(6) dismissal without resort to facts supplied by affidavit or other evidentiary material outside the allegations of the complaint, and as the trial court accordingly treated the motion only as what it was, a motion to *292 dismiss and not a motion for summary judgment with evidentiary materials outside the allegations of the complaint, those allegations themselves are the only potential source of factual support for the defendants’ claims of immunity. Rule 12(b), Ala. R. Civ. P.; Mooneyham v. State Bd. of Chiropractic Examiners, 802 So.2d 200 (Ala.2001); Garris v. Federal Land Bank of Jackson, 584 So.2d 791 (Ala.1991); Hales v. First Nat’l Bank of Mobile, 380 So.2d 797 (Ala.1980).’ ”
Ex parte Walker, 97 So.3d 747, 749-50 (Ala.2012).

Discussion

The trial court certified the following question for permissive appeal:
“[Wjhether the statute of limitations for Shuler Brothers, Inc.’s negligence and breach of contract claims commenced upon discovery of the damage to its chipper motor, or upon the discovery that the damage may have resulted from the action/inaction or conduct by the Utilities Board of the City of Opp.”
A.
The Utilities Board argues that the trial court erred in denying its motion to dismiss Shuler Brothers’ negligence claim on statute-of-limitations grounds. In support, it reiterates its argument that a cause of action for damage accrues, and the statute of limitations starts running, on the date the damage occurs. See Rumford, supra. It also reiterates its argument that there is no “discovery rule” that would toll the running of the statute of limitations on a negligence claim. See Singer Asset, supra. The Utilities Board asserts on appeal, as it did below, that all the damage occurred on or before March 11, 2010, and that the statute of limitations started running no later than that date. Because Shuler Brothers waited until March 27, 2012, to file its third-party complaint, the Utilities Board concludes that Shuler Brothers’ negligence claim is barred by the two-year statute of limitations set forth in § 6-2-38(l), Ala.Code 1975, and that the trial court erred in denying its motion to dismiss on that ground.
Shuler Brothers argues that its negligence claim against the Utilities Board is not barred by the two-year statute of limitations. Specifically, it contends that “an action must be commenced within two years of the discovery of the negligence or else [the claims] are forever barred.” Shuler Brothers asserts that the statute of limitations was not triggered on March 11, 2010, because, it says, at that time it lacked knowledge as to the cause of the damage and did not know whether the damage to the chipper motor was caused by the negligence of AEC or the negligence of the Utilities Board. Thus, the gist of its arguments is that questions as to when it first discovered the cause of its injury and the party that was responsible for the injury precluded a judgment on limitations grounds. We disagree.
“The statutory period of limitations for negligence ... actions, found at Ala. Code 1975, § 6-2-38, is two years from the date the injury occurred.... There is, however, no ‘discovery rule’ to toll the running of the limitations period with respect to negligence ... actions.... ”
Henson v. Celtic Life Ins. Co., 621 So.2d 1268, 1274 (Ala.1993). See also Boyce v. Cassese, 941 So.2d 932, 946 n. 2 (Ala.2006) (“Alabama has no ‘discovery rule’ with respect to negligence ... actions that would toll the running of the limitations period.”); Singer Asset, 975 So.2d at 382 (noting that “there is no ‘discovery rule’ for negligence claims that would toll the running of the statute of limitations from the time the cause of action was ‘discovered’ by the *293 plaintiff’); and Williams v. Norwest Fin. Alabama, Inc., 723 So.2d 97, 104 (Ala.Civ.App.1998) (“Alabama has no ‘discovery rule’ with respect to negligence ... actions that would toll the running of the limitations period.”). The “discovery rule” in Alabama applies only to fraud actions, see § 6-2-3, Ala.Code 1975, and cases involving the fraudulent concealment of the existence of a cause of action. See DGB, LLC v. Hinds, supra.
In this case, Shuler Brothers specifically alleged in its third-party complaint that its chipper motor suffered damage in December 2009, on or about February 22, 2010, and on March 11, 2010. It also alleged that, after AEC was forced to shut down the motor on March 23, 2010, to prevent further damage, it contacted the Utilities Board to investigate the incoming-line problem and that the linemen “discovered and replaced ‘3 crimped connectors’ on the incoming side of the meter and pole that were loose, cracked and showing signs of recent and old arcing damage.” We “must accept the allegations of the complaint as true.” Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So.2d 285, 288 (Ala.2002). Clearly, Shuler Brothers knew about the damage to the chipper motor, at the latest, on March 11, 2010. Shuler Brothers’ contentions about its lack of knowledge as to the cause of the damage and as to which party’s negligence caused the damage notwithstanding, because there is no allegation or evidence of fraudulent concealment in this case, Shuler Brothers’ arguments concerning the application of the “discovery rule” are unavailing.[2] At the latest, the statute of limitations began to run on March 11, 2010. Therefore, Shuler Brothers’ negligence claim against the Utilities Board, which was filed more than two years later on March 27, 2012, is barred by the statute of limitations and should be dismissed.
B.
The Utilities Board also argues that the trial court erred in denying its motion to dismiss Shuler Brothers’ breach-of-contract claim on statute-of-limitations grounds. The Utilities Board argues that the claim alleged by Shuler Brothers to be a breach-of-contract claim actually sounds in tort, to which the two-year limitations period set forth in § 6-2-38(l), Ala.Code 1975, applies.[3] We disagree.
In its amended third-party complaint, Shuler Brothers alleged:
“[Shuler Brothers] avers that a contract existed/exists between the [Utilities Board] and [Shuler Brothers] whereby the [Utilities Board] had/has the duty to provide electrical power/service in a manner consistent with the safe and proper operation of [Shuler Broth *294 ers’] manufacturing facility as contracted. Said contract exists by virtue of the [Utilities Board] undertaking the responsibility to provide electrical power/service to [Shuler Brothers’] facility and the timely and consistent payments made by [Shuler Brothers] to the [Utilities Board] for the electrical power consumed.”
Shuler Brothers also alleged that the Utilities Board “breached this contract by failing to provide electrical power/service in the manner contracted.”
“The question before us is simply whether the plaintiff has stated a cause of action for breach of implied contract. The plaintiff need state only a claim for relief containing a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the relief to which he deems himself entitled. [Ala. R. Civ. PJ 8(a).”
Berry v. Druid City Hosp. Bd., 333 So.2d 796, 800-01 (Ala.1976).
“ ‘An implied contract arises where there are circumstances which, according to the ordinary course of dealing and common understanding, show a mutual intent to contract. Such a contract must contain all the elements of an express contract, which rests on consent, and is to every intent and purpose an agreement between the parties, and it cannot be found to exist unless a contract status is shown.’ ”
Radiology Assocs., P.A. v. St. Clair Timber Co., 563 So.2d 1020, 1021 (Ala.1990) (quoting Broyles v. Brown Eng’g Co., 275 Ala. 35, 38, 151 So.2d 767, 770 (1963)). “The manner of performance as well as the terms of performance of a contract may be implied from the facts.” Watts Homes, Inc. v. Alonzo, 452 So.2d 1331, 1332 (Ala.Civ.App.1984). Finally, “ ‘[i]t is a general rule in contracts for work or services that there is implied a duty to perform with that degree of skill or workmanship which is possessed by those of ordinary skill in the particular trade for which one is employed.’ ” Watts Homes, 452 So.2d at 1332-33 (quoting C.P. Robbins & Assocs. v. Stevens, 53 Ala.App. 432, 436, 301 So.2d 196, 199 (1974)).
Shuler Brothers alleged that, when the allegations are viewed most strongly in Shuler Brothers’ favor, there was an implied contract for electrical services from the Utilities Board, that the terms of the contract required that the services be provided “in a manner consistent with the safe and proper operation of [Shuler Brothers’] manufacturing facility,” and that the Utilities Board failed to perform in the manner required under the contract. Such allegations — of a breach of contract — are governed by a six-year statute of limitations, and the third-party complaint with respect to this claim was timely filed within that limitations period. See § 6-2-34(9), Ala. Code 1975. Therefore, the denial of the Utilities Board’s motion to dismiss with regard to the breach-of-contract claim was proper.

Conclusion

For the above-stated reasons, we affirm the trial court’s judgment denying the Utilities Board’s motion to dismiss Shuler Brothers’ breach-of-contract claim; we reverse the trial court’s judgment denying the Utilities Board’s motion to dismiss Shuler Brothers’ negligence claim; and we remand this case for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
STUART, BOLIN, PARKER, MURDOCK, MAIN, WISE, and BRYAN, JJ., concur.
*295 SHAW, J., concurs specially.
MOORE, C.J., concurs in part and dissents in part.

. The facts alleged in AEC’s complaint against Shuler Brothers regarding the damage and the repairs to the chipper motor are substantially similar to the facts alleged in Shuler Brothers’ third-party complaint against the Utilities Board.

. In its brief, Shuler Brothers cites cases that are clearly inapplicable, including toxic-substance-exposure cases and equitable-tolling cases, see, e.g., Garrett v. Raytheon Co., 368 So.2d 516 (Ala.1979), overruled by Griffin v. Unocal Corp., 990 So.2d 291 (Ala.2008); a plurality opinion that addressed questions regarding discovery of the damage, rather than the cause of the damage or the party responsible for the damage, see Desouza v. Lauderdale, 928 So.2d 1035 (Ala.Civ.App.2005); and a federal district court case that refutes its arguments by stating that a negligence cause of action accrues when the injury occurs and further stating that, in Alabama, the discovery rule applies only to fraud actions.

. The Utilities Board relies primarily on some of the reasoning used in Bailey v. Liberty Mutual Insurance Co., 451 So.2d 279 (Ala.1984), to support its argument. However, the reasoning in that case and the line of cases upon which it was based were disavowed by this Court in Berry v. Druid City Hospital Board, 333 So.2d 796 (Ala.1976), in which this Court overruled Smith v. Houston County Hospital Board, 287 Ala. 705, 255 So.2d 328 (1971).