Ava Holley, plaintiff, appeals from the grant of a motion to dismiss in favor of the defendants, St. Paul Fire Marine Insurance Co. (St. Paul) and Service Master Industries, Inc. (Service Master). We reverse and remand.
This litigation commenced with Holley's action filed on July 7, 1977 in which she claimed damages for personal injuries suffered in a fall which occurred on the premises of the Abernathy Memorial Hospital in Flomaton on August 10, 1976. Her original complaint named that hospital as defendant. That complaint was amended twice. In February 1980 the first amendment to the complaint was filed:
COUNT II
 1. That on or about August 28, 1976, there was in full force and effect a contractual relationship between Escambia County Hospital Board and the Defendant, Servicemaster Industries, Inc. wherein said Defendant was to maintain the lighting of the premises at Abernathy Hospital in Flomaton, Alabama. That in return for the consideration flowing from Escambia County Hospital Board said Defendant performed inspections of the premises for safety and maintained the lighting of the premises of Abernathy Hospital, Inc. in Flomaton, Alabama.
 2. That on or about the above mentioned date, the Plaintiff was injured upon the premises of the Escambia County Hospital Board at the Abernathy Hospital in Flomaton, Alabama due to negligent lighting and other defects in the premises.
 3. The Plaintiff, Ava Nora Holley, was third party beneficiary of the contractual relationship between the two defendants.
 4. The Defendant Servicemaster Industries, Inc. breached its agreement with Escambia County Hospital Board directly and proximately resulting in the injury to the Plaintiff. *Page 77 
 The Plaintiff suffered physical injury, mental injury and incurred medical expenses as a result of the breach of said contract.
 Wherefore, Plaintiff demands judgment against Servicemaster Industries, Inc. in the sum of $500,000, interest and costs.
COUNT III
 1. That on or about August 28, 1976, there was in full force and effect a contractual relationship between Escambia County Hospital Board and the St. Paul Fire Marine Insurance Company insuring said Escambia County Hospital Board. That as part of the consideration flowing from the above named insurance company to the Escambia County Hospital Board said insurance company performed inspections of the premises for safety.
 2. That on or about the above mentioned date, the Plaintiff was injured upon the premises of the Escambia County Hospital Board at the Abernathy Hospital in Flomaton, Alabama.
 3. The Plaintiff, Ava Nora Holley, was a third party beneficiary of the contractual relationship between the two Defendants.
 4. The defendant insurance company breached its agreement with Escambia County Hospital Board directly and proximately resulting in the injury to the Plaintiff.
 The Plaintiff suffered physical injury, mental injury and incurred medical expenses as a result of the breach of said contract.
Service Master moved to dismiss Count II of the first-amended complaint:
 1. Said count fails to state a cause of action against this defendant upon which the relief prayed for can be granted.
 2. Said count fails to allege sufficient facts to show the existence of any contractual relationship whereby the plaintiff would be a third party beneficiary.
 3. Said count alleges this defendant breached its agreement with Escambia County Hospital Board but fails to allege the manner of such breach.
 4. It affirmatively appears from the allegations of said count that the claim attempted to be stated against this defendant is barred by the one year statute of limitations.
St. Paul moved to dismiss Count III of the first-amended complaint:
 1. Said Count fails to state a claim against this defendant upon which relief may be granted.
 2. Said Count alleges that this defendant breached an agreement with Escambia County Hospital Board, but fails to allege the manner of such breach.
 3. It affirmatively appears from the allegations of said Count that the claim attempted to be stated against this defendant is barred by the statute of limitations of one year.
Later, in June 1980 these counts were amended again:
COUNT II
 1. That on or about August 28, 1976, there was in full force and effect a contractual relationship between Escambia County Hospital Board and the Defendant, Servicemaster Industries, Inc. wherein said Defendant promised to relamp lighting fixtures as necessary and/or to maintain a high quality of maintenance service by inspecting the premises at Abernathy Hospital in Flomaton, Alabama. That the Defendant breached its promises as set out above.
 2. That on or about the above mentioned date, the Plaintiff was injured upon the premises of the Escambia County Hospital Board at the Abernathy Hospital in Flomaton, Alabama as a proximate consequence of the breach of the contract maintenance.
 3. The Plaintiff, Ava Nora Holley, was a third party beneficiary of the contractual relationship between the two Defendants. *Page 78 
 4. The Defendant Servicemaster Industries, Inc. breached its agreement with Escambia County Hospital Board directly and proximately resulting in the injury to the Plaintiff.
 The Plaintiff suffered physical injury, mental injury and incurred medical expenses as a result of the breach of said contract.
 Wherefore, Plaintiff demands judgment against Servicemaster Industries, Inc. in the sum of $500,000, interest and costs.
COUNT III
 1. That on or about August 28, 1976, there was in full force and effect a contractual relationship between Escambia County Hospital Board and the St. Paul Fire Marine Insurance Company insuring said Escambia County Hospital Board. That as part of the consideration flowing from the above named insurance company to the Escambia County Hospital Board said insurance company agreed expressly and/or implicitly to perform inspections of the premises for safety. That the conduct of the Defendant in making inspections prior to issuing the policy and in the years 1978 and 1978, but not in the year of the injury, coupled with the fact that the rate charged for the policy included specific charges for inspections as part of the premium, together created a contractual obligation or promise implied in fact on the part of the insurer to perform inspections. Further, the course of dealing with the parties, as well as, the usage of trade, imply a contractual obligation to inspect.
 2. That on or about the above mentioned date, the Plaintiff was injured upon the premises of the Escambia County Hospital Board at the Abernathy Hospital in Flomaton, Alabama.
 3. The Plaintiff, Ava Nora Holley, was a third party beneficiary of the contractual relationship between the two Defendants.
 4. The Defendant insurance company breached its agreement with Escambia County Hospital Board by not performing said inspections thereby directly and proximately resulting in the injury to the Plaintiff.
 The Plaintiff suffered physical injury, mental injury and incurred medical expenses as a result of the breach of said contract.
 Wherefore, Plaintiff demands judgment against St. Paul Fire Marine Insurance Company in the sum of $500,000, interest and costs.
Again, Service Master moved to dismiss the second-amended Count II:
 1. Said count fails to state a cause of action against this defendant upon which the relief prayed for can be granted.
 2. Said count fails to allege sufficient facts to show the existence of any contractual relationship whereby the plaintiff would be a third party beneficiary.
 3. Said count alleges this defendant breached its agreement with Escambia County Hospital Board but fails to allege the manner of such breach.
 4. It affirmatively appears from the allegations of said count that the claim attempted to be stated against this defendant is barred by the one year statute of limitations.
And St. Paul moved to dismiss the second-amended Count III:
 1. Said Count fails to state a claim against this defendant upon which relief may be granted.
 2. Said Count fails to allege sufficient facts to show the existence of any contractual relationship.
 3. It affirmatively appears from the allegations of said Count that the claim attempted to be stated against this defendant is barred by the statute of limitations of one year.
After the trial court had granted the motions to dismiss the second-amended Counts II and III, the trial court entered the following order:
 The Court having heretofore granted motions to dismiss filed by St. Paul Fire and Marine Insurance Co. and ServiceMaster *Page 79 
Industries, Inc. by order dated June 26, 1980 and it further appearing to the Court that there are still pending amended complaints against said Defendants, St. Paul Fire and Marine Insurance Co. and Service-Master Industries, Inc., and it further appearing to the Court that said Defendants have reassigned their motions to dismiss as to said amended complaints and the Court being of the opinion that said motions to dismiss as reassigned to said amended complaints should be granted, it is accordingly,
 ORDERED, ADJUDGED AND DECREED that the Amended Complaint filed on February 7, 1980 against St. Paul Fire and Marine Insurance Co. and Service-Master Industries, Inc. and the Second Amended Complaint filed on June 11, 1980 against St. Paul Fire and Marine Insurance Co. and Service-Master Industries, Inc. be dismissed and the Motions to Dismiss filed by the Defendants herein are granted. . . .
The trial court then made a Rule 54 (b) determination, and the plaintiff appealed from the order granting the motions to dismiss.
Initially we must clarify the subject matter of our review because of the trial court's order. That part of the order granting the motions to dismiss the first-amended complaint we consider as surplusage. It was not necessary for counsel to re-file motions to that amendment because it had been superseded by the second-amended complaint. That second-amended complaint was the only complaint before the trial court when it ruled on the motions to dismiss. As stated in 6 Wright and Miller, Federal Practice and Procedure, § 1476 at 389-390 (1971):
 A pleading that has been amended under Rule 15 (a) [cf. Rule 15 (a), ARCP] supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading.
See also Zeigler v. Baker, Ala., 344 So.2d 761 (1977). We need not decide whether this rule would apply to prevent an appellate review of the grant of a motion to dismiss madebefore a subsequent amended complaint is filed.
In the instant case we take note that the plaintiff's second amendment occurred before any action had been taken on any of the motions to dismiss, and thus the plaintiff substituted the second-amended complaint, in effect withdrawing the prior pleadings as to all matters not restated in the amended pleading. Nisbet v. Van Tuyl, 224 F.2d 66, 71 (7th Cir. 1955).
Service Master maintains that Count II sounded in tort and thus was barred by the one-year statute of limitations. The plaintiff has alleged "a contractual relationship" between the Hospital Board and Service Master involving the latter's promises to relamp lighting fixtures or to maintain "a high quality of maintenance service by inspecting the premises." A breach of those promises is alleged to have proximately caused injury to the plaintiff as a third party beneficiary of the contract. According to Service Master, under its contract it only agreed to supervise and manage the maintenance of the hospital, and did not agree to perform this duty in a "reasonably safe or prudent manner." The contract itself not requiring reasonable care in the performance of the duty allegedly breached, so its argument goes, any duty requiring reasonable care is a duty implied by law. This, states Service Master, makes the action one in tort, not contract.
In her allegations under Count II the plaintiff does not characterize Service Master's conduct as a negligent failure, and we cannot so interpret it in reviewing the complaint under a motion to dismiss. Under those circumstances the allegations of the complaint are construed in a light most favorable to the plaintiff. Pruitt v. Pruitt, Ala., 343 So.2d 495 (1977). And such a motion can never be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim *Page 80 
to entitle him to relief. Watwood v. R.R. Dawson Bridge Co.,293 Ala. 578, 307 So.2d 692 (1975). Although Service Master argues that the terms of its contract obligate it only to manage and supervise the housekeeping functions for the hospital, we cannot at this stage rule out the possibility that, under the allegations of Count II, plaintiff may be able to prove, inter alia, a negligent failure to perform that contract, express or implied in fact, to be such a breach as would entitle plaintiff to some damages. Cf. Vines v. CrescentTransit Company, 264 Ala. 114, 85 So.2d 436 (1955) and Berry v.Druid City Hospital Board, Ala., 333 So.2d 796 (1976). That being so, the applicable statute of limitations would be six years, not one year. Code of Ala. 1975, § 6-2-34 (4).
Service Master also argues that the plaintiff cannot recover under Count II as a third party beneficiary to the contract between it and the defendant hospital board.
One who seeks recovery in contract as a third-party beneficiary must establish that the contract was intended for his direct, as opposed to incidental, benefit. Anderson v.Howard Hall Co., 278 Ala. 491, 179 So.2d 71 (1965). In that case and in Zeigler v. Blount Bros. Const. Co., Ala.,364 So.2d 1163 (1978) we looked to the complaints and to the surrounding circumstances of the parties to ascertain the existence of that direct benefit. In Zeigler, one of the parties was the Alabama Power Company which had contracted with Blount Brothers to have the latter construct a dam (which later failed) for the former on the Coosa River. The issue was whether Power Company rate-paying subscribers were third party beneficiaries of that contract. After examining the effect of this improvement upon the rate-fixing position of the Power Company vis-a-vis the Public Service Commission, we concluded that the Power Company in making the contract, was not directly concerned with the amount of money subscribers would be charged each month.
On the other hand, we arrived at a different conclusion inHarris v. Board of Water and Sewer Commissioners, 294 Ala. 606,320 So.2d 624 (1975). That case involved a contract between the City of Mobile and the Board of Water and Sewer Commissioners under which the Board agreed with the City to provide, among other things, functioning fire hydrants. Harris, a motel and restaurant operator, suffered the loss of those properties because the City's nearby fire hydrants failed to operate. In his action against the Board, Harris claimed the status of a third party beneficiary of the City's contract with the Board. In agreement with that position, we wrote at 294 Ala. 611,320 So.2d 624:
 [I]n the end, the most direct benefit inures to the people of the City, like Harris, who rely on these city-provided services for the protection of their property. . . . This is not to say that the Board is an insurer against all fire losses, but it should be answerable to all those who are injured by its breach of the contract to supply water or its negligent maintenance of nonfunctioning fire hydrants where damage results proximately therefrom. . . .
Can there be any doubt that the hospital board does not make a maintenance contract for the direct benefit of the board members themselves? For whom does the board maintain the hospital? Obviously for those who will inhabit it for purposes of treatment, rehabilitation and cure. We may take judicial knowledge that visitors are not discouraged from using hospital facilities but, in fact, have physical hospital facilities provided for them. Thus they are expected to play a role in the scheme of patient hospitalization. Hospital maintenance, therefore, is necessary for their presence as it is for other expected occupants of hospital facilities, and the parties to a contract providing such maintenance intend visitors to derive a direct benefit from the rendition of those services. In the application of third party beneficiary principles we perceive no fundamental difference between Harris and the instant case.
St. Paul contends that the plaintiff's allegations in Count III properly were subject to attack by motion to dismiss because they *Page 81 
were lacking in specificity, citing Berry, supra, at 801. That decision requires that "a complaint grounded in implied contract must state facts and circumstances — the acts and conduct of the parties from which the contract alleged can be inferred." Tested by that requirement, the allegations of the implied contract and its breach met our approval, i.e., we found that the complaint did allege sufficient facts for the jury to find an implied contract and a breach of it.
We reach the same result in this case. Count III alleged: a contractual relationship between the hospital board and St. Paul insuring the hospital board; that part of the consideration supported St. Paul's express or implied agreement to perform safety inspections; that St. Paul's contract in performing inspections before issuing the policy and in 1978 and 1979, but not in the year of injury, together with the premium rate which included charges for inspections, created a contract implied in fact to perform the inspections. Comparison of these allegations with those contained in Berry compels the conclusion that these are at least as explicit as those inBerry, and so, against the attack of insufficiency they cannot fail. The case of Mann v. Highland Insurance, 461 F.2d 541 (5th Cir. 1972) cited to us for the proposition that insurance carriers who are allowed to have premium rates include an allowance for inspections nevertheless do not impliedly contract for such inspections, is inapposite. That case deals with workmen's compensation insurance. We cannot conclude from the allegations before us that the contracts of insurance are alike or that the decision is analogous to this situation.
To St. Paul's argument that this plaintiff cannot be a third party beneficiary of the insurance contract between St. Paul and the hospital board with respect to St. Paul's alleged contractual duty to perform safety inspections for the board, we need only refer to our earlier discussion. Considering the circumstances, the allegations support an intention to have persons such as the plaintiff benefit directly from performance under the policy.
For the reasons expressed we conclude that it was error to grant these defendants' motions to dismiss. The judgment, therefore, must be and is, reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
JONES and SHORES, JJ., concur.
TORBERT, C.J., and MADDOX, J., concur in the result.