MADDOX, Justice.
The question here is whether under the terms of the insurance policy issued to the plaintiff’s employer there was an implied warranty by the insuror to inspect the policyholder’s premises and equipment in a good and careful manner so as to give the plaintiff, who was injured on the premises, a right to sue the insuror in contract. We conclude that the plaintiff’s action was ex delicto and not ex contractu, making applicable the one year tort statute of limitations, rather than the longer contract limitations period. The judgment of the trial court is affirmed.
On July 31, 1981, Annie Doretha Bailey, an employee of Benham’s Corporation (Benham), sustained a work related injury. She filed suit on August 6, 1983, nearly two years after the injury occurred.
At the time of the injury, Liberty Mutual Insurance Company had in force a policy providing workmen’s compensation insurance to Benham employees.
The plaintiff’s lawsuit contained two counts, one against Benham for workmen’s compensation benefits, and the second against Liberty Mutual alleging a negligent performance of an insurance contract requiring an inspection of Benham’s workplace. Plaintiff amended her complaint to allege the breach of an implied contract of inspection as well. The trial court granted Liberty Mutual’s motion for summary judgment. The court made that judgment final pursuant to Rule 54(b), Ala.R.Civ.P., and this appeal ensued.
In her brief, the plaintiff-appellant admits that the facts of this case clearly indicate that her claim in tort against Liberty Mutual for negligent inspection is barred by the one-year statute of limitations. See Code 1975, § 6-2-39(a)(5). Appellant asserts, however, that under the terms of the insurance contract, Liberty Mutual impliedly warranted that it would conduct inspections of the policyholder’s premises and equipment in a good and careful manner, and that the appropriate statute of limitations applicable to an implied warranty arising from an express contract is six years. See Sims v. Lewis, 374 So.2d 298 (Ala.1979), and § 6-2-34(4). Appellant quotes the following excerpt from this Court’s opinion in Holley v. St. Paul Fire & Marine Insurance Co., 396 So.2d 75 (Ala.1981), as authority for her reasoning with respect to this issue:
“Although Service Master argues that the terms of its contract obligate it only to manage and supervise the housekeeping functions for the hospital, we cannot at this stage rule out the possibility that, under the allegations of Count II, plaintiff may be able to prove, inter alia, a negligent failure to perform that contract, express or implied in fact, to be such a breach as would entitle plaintiff to some damages. Cf. Vines v. Crescent Transit Company, 264 Ala. 114, 85 So.2d 436 (1955) and Berry v. Druid City Hospital Board, Ala. 333 So.2d 796 (1976). That being so, the applicable statute of limitations would be six years, not one year. Code of Ala. 1975, § 6-2-34(4).”
396 So.2d at 80.
We checked the record in the Holley case to find the terms of the applicable contract in that case for the purpose of comparing the terms of the policy here with the terms in that policy. We did not find a copy of the contract in the Holley record; therefore, we cannot make a comparison. The pertinent provisions of the insurance contract in the instant case are, however, available for us to review. Those provisions read as follows:
“INSPECTION AND AUDIT. The company ... shall be permitted but not obligated to inspect ... the workplaces, operations, machinery and equipment covered by this policy. Neither the right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking on behalf of or for the benefit of the insured or others, to determine or warrant, that such workplaces, *281 operations, machinery or equipment are safe.”
The terms of this provision of the insurance contract are unambiguous. There is no express agreement by Liberty Mutual to inspect Benham’s equipment or premises, and to construe this provision of the policy as creating an implied warranty would be inconsistent with the express provisions of the contract. See Broyles v. Brown Engineering Co., 275 Ala. 35, 40, 151 So.2d 767, 772 (1963).
Although the appellant alleges that Liberty Mutual did conduct an inspection of the Benham premises and equipment, the record is not clear, and the trial court made no finding, that Liberty Mutual did in fact conduct an inspection. But, assuming that Liberty Mutual, although under no obligation, did, in fact, inspect the premises and equipment, the appellant’s cause of action for the alleged harm she suffered was ex delicto as opposed to ex contractu. Garig v. East End Memorial Hospital, 279 Ala. 118, 182 So.2d 852 (1966). In this respect, this Court has held:
“This Court has long since taken the position that under certain circumstances, for the breach of a contract there may be either an action of assumpsit or one in tort. That means that when there is a contract expressed to exercise reasonable diligence in the performance of an act, or when there is a specific contract to do an act, a failure to exercise reasonable diligence on the one hand or to do the act on the other gives rise to an action of assumpsit. But when the contract is to exercise reasonable care to perform the act, a failure to exercise such reasonable care may be redressed by either assumpsit or in tort. Mobile Life Ins. Co. v. Randall, 74 Ala. 170; Tennessee Coal, Iron & Railroad Co. v. Sizemore, 258 Ala. 344, 62 So.2d 459. When the contract does not in terms require reasonable care in doing the act stipulated to be done, the law imposes a duty — but does not imply a contract — to exercise due care in doing the act; and, therefore, when negligence exists in doing that act an action in tort only is available because there is no express or implied contract which is breached. Such is the result of our cases cited above.
“ ‘In the instant case there is no express contract to exercise reasonable care in performing the duties required of the insurer. Therefore, for negligence in the performance of those duties an action in tort only will lie, and then only if the law imposes a duty to exercise due care.
[[Image here]]
Garig v. East End Memorial Hospital, supra, 279 Ala. at 120-121, 182 So.2d at 854 (quoting Waters v. American Cas. Co., 261 Ala. 252, 258, 73 So.2d 524, 528-529 (1953)).
Consequently, appellant’s claim was barred by the one-year statute of limitations, and the judgment of the trial court was correct.
AFFIRMED.
TORBERT, C.J., and SHORES and BEATTY, JJ., concur.
JONES, J., concurs specially.