FAULKNER, Justice.
Plaintiff was injured on April 30, 1981, while employed by Lanson Industries, Inc. He filed a complaint on July 6, 1983, alleging, inter alia, that Liberty Mutual, Lan-son’s workmen’s compensation carrier, had inspected the worksite prior to the date of the injury and that, as a proximate consequence of Liberty Mutual’s negligent failure to discover the dangerous condition in question, plaintiff was injured. Liberty Mutual was granted summary judgment and the plaintiff, William E. Smith, appeals.
The only issue involved in this case is whether the plaintiff’s action against Liberty Mutual is governed by the one-year statute of limitations governing negligence actions, § 6-2-39(a)(5), Code of Alabama 1975, or by the six-year statute of limitations governing contract actions, § 6-2-34(4).
Plaintiff’s theory of the case is that he is a third-party beneficiary under the workmen’s compensation policy and that the negligent inspection was performed pursuant to the contract. He argues, therefore, that the contract statute of limitations is applicable. See Holley v. St. Paul Fire & Marine Insurance Co., 396 So.2d 75 (Ala.1981).
The question of which limitations period to apply is dependent on whether the duty which was allegedly breached was one imposed by law or by contract. The applicable contractual provision reads:
“INSPECTION AND AUDIT. The company and any rating authority having jurisdiction by law shall each be permitted but not obligated to inspect at any reasonable time the workplaces, operations, machinery and equipment covered by this policy. Neither the right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking on behalf of or for the benefit of the insured or others, to determine or warrant that such workplaces, operations, machinery or equipment are safe *973 or healthful, or are in compliance with any law, rule or regulation.”
In a case decided during the pendency of this appeal, Bailey v. Liberty Mutual Insurance Co., 451 So.2d 279 (Ala.1984), we ruled that an identical provision in another of Liberty Mutual’s workmen’s compensation policies did not create a duty to inspect the premises and, therefore, that any action for negligent inspection would be ex delicto rather than ex contractu:
“The terms of this provision of the insurance contract are unambiguous. There is no express agreement by Liberty Mutual to inspect Benham’s equipment or premises, and to construe this provision of the policy as creating an implied warranty would be inconsistent with the express provisions of the contract.”
Bailey v. Liberty Mutual Ins. Co., supra.
The decision of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.