SHORES, Justice.
The original opinion of this Court issued on November 9,1990, is withdrawn and the following is substituted therefor.
This case involves a dispute over a 23-foot strip of land. In April 1989, the Garners bought a piece of property from On-era P. Sanford, which was described by metes and bounds. James Wallace Emerson and his wife own land adjacent to that acquired by the Garners; the Emersons hold their land by virtue of a 1915 deed that described the land conveyed by metes and bounds.
The Emersons have allegedly contracted with Walker Excavating Company to permit Walker to haul sand and dirt from their property. The Garners claim that Walker is hauling this material over property owned by them.
The Garners sued Mrs. James Wallace Emerson, Mr. James Wallace Emerson individually and as executor of the estate of Stella Emerson, Earline Emerson Barnett, individually and as executrix of the estate of Stella Emerson, Paul F. Barnett, Walker Excavating Company, Carl and Betty Walker, Raiford Poe Logging Company, Tuscaloosa Title Company, and Pamela B. Blackwell. The complaint sought the following relief: (1) damages for trespassing on land allegedly owned by the Garners, (2) damages to compensate for injuries suffered by the plaintiffs as a result of an alleged nuisance created by dust and noise resulting from the hauling, (3) a judgment quieting title in the Garners to the 23-foot strip of property, (4) injunctive relief to prohibit any further use of the strip by the defendants, and (5) an order prohibiting the Em-ersons from using the land and contracting with Walker. The Garners alleged that the Emersons had failed to pay taxes on the disputed property since 1978 (and thus presumably could not establish title to the disputed strip by adverse possession).
The trial court granted the motions to dismiss filed by Mr. James Wallace Emerson and Earline Emerson Barnett, individually and as executor and executrix of the estate of Stella Emerson; Paul F. Barnett; Mrs. James Wallace Emerson; Tuscaloosa Title Company; and Pamela B. Blackwell. The dismissal was without prejudice. The court granted the plaintiffs 21 days to amend their complaint with respect to the remaining defendants, Walker Excavating Company, Carl and Betty Walker, and Rai-ford Poe Logging Company. Because the plaintiffs did not amend within the specified time, the dismissal became final as to all defendants and this appeal followed.
There was no testimony taken in the case. There were no depositions taken. The only facts before the trial court and this Court are those supplied by the allegations of the complaint and by the affidavits offered by the Garners in which they described the land they bought and the 23-foot strip that they alleged is being used as a road.
The Garners argue that the metes and bounds description of the land in their, deed includes the 23-foot strip of land. The Garners also contend that the Emersons can not claim ownership of the strip *236 through adverse possession because they have not paid taxes on that strip since 1978 and because the strip has not been used as a roadway for over 25 years. The Garners complain that the 1915 deed through which the Emersons claim is unclear and thus does not determine who owns the 23-foot strip. As against Tuscaloosa Title Company, the Garners allege that the title company and its employee were negligent in performing a title search that was performed for the Garners when they bought their land.
We hold that the order granting the defendants’ motion to dismiss was premature. From the record before us, we can discern that there is a dispute as to the boundary between the land owned by the Emersons and that owned by the Garners. Although the complaint barely meets the minimum required under our liberal Rules of Civil Procedure, we can not say that it fails to allege any facts that could form the basis of a claim for relief. Hill v. Kraft, Inc., 496 So.2d 768 (Ala.1986); Holley v. St. Paul Fire & Marine Insurance Co., 396 So.2d 75 (Ala.1981); Sims v. Lewis, 374 So.2d 298 (Ala.1979).
If the Garners’ deed covers any part of the land that the Emersons have permitted Walker to use, either for a road or to excavate sand and gravel from, they have stated a claim for trespass to the land. At the very least, they have stated sufficient facts to entitle them to have the boundary line established between their land and that of the Emersons.
Accordingly, we reverse and remand.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION GRANTED; REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ„ concur.