PER CURIAM.
This is the second appeal in this matter. The procedural history of this case is set forth in Plantation South Condominium Ass’n, Inc. v. Profile Management Corp., 788 So.2d 838 (Ala.Civ.App.2000), as follows:
“Profile Management Corporation, Inc. (‘Profile Management’), sued Plantation South Condominium Association, Inc. (‘Plantation South’), in the District Court of Madison County. In its complaint, Profile Management sought damages of $820 for services it claimed to have rendered under a contract between the parties. Plantation South answered the complaint; it also counterclaimed for damages in excess of the district court’s jurisdiction. The district court transferred the action to the Madison County Circuit Court (the ‘trial court’).
“In the trial court, Plantation South amended its counterclaim. Profile Management amended its complaint to include counts alleging breach of contract, unjust enrichment, and fraud, and a count seeking damages under the Alabama Litigation Accountability Act, § 12-19-270 et seq., Ala.Code 1975. Plantation South filed a motion to strike Profile Management’s amended complaint; the trial court did not rule on that motion.
“Profile Management then moved for a summary judgment as to all of Plantation South’s claims against it. Plantation South filed a response in opposition to the summary-judgment motion. Both parties moved to strike various eviden-tiary submissions of the other party on the summary-judgment issues.
“On March 30, 2000, the trial court entered á summary judgment for Profile Management as to all of Plantation South’s counterclaims. In that order, the trial court determined that it no longer had jurisdiction over the action and purported to remand the action to the district court. Plantation South appealed from the summary judgment to the Supreme Court of Alabama, which transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
“The trial court did not rule on the counts contained in Profile Management’s complaint and amended complaint; those claims are still pending. ‘ “A final judgment is a terminal decision by a court of competent jurisdiction which demonstrates there has been a complete adjudication of all matters in controversy between the litigants within the cognizance of that court.” ’ Wilson v. Wilson, 736 So.2d 633, 634 (Ala.Civ.App.1999) (citation omitted). An order that adjudicates fewer than all of the parties’ claims or the rights of fewer *665 than all of the parties is ‘subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.’ Rule 54(b), Ala. R. Civ. P. Such an order is interlocutory, unless the trial court certifies it as final pursuant to Rule 54(b). Nothing in the trial court’s summary-judgment order indicates an intent to make the order final pursuant to Rule 54(b). See Schneider Nat’l Carriers v. Tinney, 776 So.2d 753 (Ala.2000).
“This appeal was taken from an interlocutory order. This court does not have jurisdiction to consider appeals from interlocutory orders. Lunceford v. Monumental Life Ins. Co., 641 So.2d 244 (Ala.1994); Crane v. American Cast Iron Pipe Co., 682 So.2d 1389 (Ala.Civ.App.1996). An appeal ordinarily lies only from a final judgment. § 12-22-2, Ala.Code 1975; Bean v. Craig, 557 So.2d 1249 (Ala.1990). We must dismiss this appeal as being from a nonfinal order. See Owens v. Owens, 739 So.2d 511 (Ala.Civ.App.1999); Bacadam Outdoor Adven, Inc. v. Kennard, 721 So.2d 226 (Ala.Civ.App.1998).
“After the release of this court’s September 22, 2000, opinion dismissing its appeal, Plantation South filed a motion asking this court to vacate the dismissal and to allow Plantation South to supplement the record on appeal. We have elected to treat Plantation South’s motion as an application for rehearing.
“Plantation South seeks to supplement the record with an order of the trial court dated September 28, 2000. Plantation South argues that that order ‘clarifies’ the trial court’s March 30, 2000, summary-judgment order and indicates that the trial court’s March 30 order was a final judgment. The trial court’s order, entered six days after this court had released its original opinion, states:
“ ‘This cause came before the court on [Plantation South’s] Motion to Strike or Dismiss [Profile Management’s] First Amended Complaint. Upon review and [Profile Management] having consented thereto, the court is of the opinion that the motion is due to be and is hereby GRANTED. [Profile Management’s] claims as alleged in the Amended Complaint are hereby DISMISSED.’
“On September 28, 2000, the date on which the trial court entered that order, this court had not yet issued its certificate of judgment; therefore, the judgment of this court was not yet final and this court still had jurisdiction over this matter. See Rule 41, Ala. R.App. P. We conclude that the order of September 28, 2000, was void because the trial court lacked jurisdiction to enter that order. Ex parte Tiongson, 765 So.2d 643 (Ala.2000).”
Plantation South Condo. Ass’n, Inc. v. Profile Mgmt. Corp., 783 So.2d at 839-41.
On March 7, 2001, the trial court entered an order that dismissed Profile Management’s claims against Plantation South. The March 7, 2001, order disposed of the remaining claims pending between the parties, and, therefore, that order constituted a final judgment that would support an appeal. See Oliver v. Townsend, 534 So.2d 1038,1046 (Ala.1988).
The record indicates that Plantation South is a condominium association. Profile Management entered into separate annual contracts to perform administrative and management services for Plantation South for the 1994 and 1995 calendar years. In late 1995, Profile Management again contracted to manage the Plantation South condominiums, this time for a two-year term comprising the 1996 and 1997 *666 calendar years (hereinafter the “1996-97 contract”). It is the 1996-97 contract that is at issue in this appeal.
The 1996-97 contract provides in relevant part:
“ARTICLE IX. INSURANCE AND CONTRACT SERVICES.
[[Image here]]
“[Profile Management] will provide an oversight of all contracts for goods or services which are provided to the Association. All contracts of ten thousand dollars ($10,000) or more will be let by bid and a recommendation provided to the Board. All such contracts shall be supervised by [Profile Management] and work and financial reports shall be presented to the Board before final approval.
[Profile Management] may charge a fee not to exceed eight percent (8%) of the amount of any contract of ten thousand dollars or more.”
In September 1996, Plantation South contracted with ABC Building & Roofing Company (hereinafter “ABC Roofing”) for the replacement of the roofs of the condominium buildings. Plantation South paid Profile Management 8% of the value of its contract with ABC Roofing to supervise the roofing project.
In late 1997, construction work was performed at a Plantation South condominium unit. Plantation South did not pay Profile Management a fee for supervising that construction project, and Profile Management sued Plantation South, seeking an $820 supervisory fee for supervising the project. Plantation South answered, denying liability. Plantation South also counterclaimed, alleging, among other things, that. Profile Management had breached its contract to supervise the 1996 roofing project and that Profile Management had improperly combined several small subcontracts in order to create a contract with a value in excess of $10,000, which would invoke the supervisory-fee clause of Article IX of the 1996-97 contract.
The trial court, in its March 30, 2000, order, granted Profile Management’s motion for a summary judgment on all of Plantation South’s counterclaims. Plantation South appeals only as to the summary judgment on its breach-of-contract claims. Profile Management has dismissed its claim seeking an $820 supervisory fee for the 1997 construction project; therefore, that claim is not at issue in this appeal.
A motion for a summary judgment is properly granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56; Bussey v. John Deere Co., 531 So.2d 860 (Ala.1988). Evidence must be viewed in a light most favorable to the nonmoving party, and all reasonable doubts concerning the existence of a genuine issue of material fact must be resolved in favor of the nonmovant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990). After the moving party makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmoving party to present evidence creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989). To carry that burden, the nonmoving party is required to present substantial evidence, i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
I.
Plantation South first argues that the trial court erred in entering a *667 summary judgment on its claim that Profile Management breached its contract by allegedly combining subcontracts to “ ‘create’ a contract to invoke the supervisory-fee clause [contained in Article IX of the management contract].” In order to defeat Profile Management’s motion for a summary judgment on its breach-of-eon-tract claim, Plantation South was required to present evidence of “(1) the existence of a valid contract binding the parties in the action, (2) [its] own performance under the contract, (3) [Profile Management’s] nonperformance, and (4) damages.” Southern Med. Health Sys., Inc. v. Vaughn, 669 So.2d 98, 99 (Ala.1995). In its brief on appeal, Plantation South does not address the elements of a breach-of-contract claim with regard to its allegation that Profile Management improperly combined subcontracts in order to receive a supervisory fee; it merely states that if Profile Management had not combined the subcontracts, Profile Management could not have qualified for the fee for supervising those subcontracts.
Profile Management maintains that Plantation South’s claim as to this issue is in the nature of a fraud claim and that it is not a breach-of-contract claim. The elements of a fraud claim are: a false representation concerning a material existing fact, reliance on the false representation, and damage occurring as a proximate result of the reliance. Carter v. Innisfree Hotel, Inc., 661 So.2d 1174 (Ala.1995). We conclude that the substance of Plantation South’s claim as to this issue is that Profile Management falsely represented several subcontracts as being one larger contract in order that it could receive a supervisory fee. Thus, Plantation South’s claim as to this issue is in the nature of a fraud claim; it is not a claim that alleges a true breach of contract.
The record is not clear as to the exact dates of the subcontracts Profile Management is alleged to have “combined” into one larger contract, but it does indicate that those subcontracts were performed in 1997. Plantation South filed its amended complaint containing its claim related to the alleged combination of subcontracts in late November 1999. Plantation South seems to concede that a claim of fraud related to the alleged improper combining of subcontracts would be barred by the Statute of Limitations. Plantation South states in its brief on appeal that “[although what Profile Management did is certainly fraudulent, due to potential problems with that (2 year) statute of limitations, only breach of contract is claimed.”
Plantation South does not argue in its brief on appeal that a fraud claim on this issue would be timely; it argues only that this claim constitutes a breach-of-contract claim. We cannot agree; we conclude that the trial court properly entered the summary judgment as to this part of Plantation South’s “breach-of-contract” claim. We affirm as to this issue.
II.
Plantation South also argues that the trial court improperly entered a summary judgment on its claim of breach of contract related to Profile Management’s supervision of the 1996 roofing project. Plantation South claims that Profile Management breached the 1996-97 contract by failing to ensure that ABC Roofing had the requisite licenses and permits and by failing to ensure that the work on the roofs was completed in a workmanlike manner, contending that the roofs leak and are in need of repair.
Profile Management argued to the trial court, as it does to this court, that Plantation South’s claim regarding its supervision of the 1996 roofing project, and its *668 evidence submitted in support of that claim, establish only a claim that it negligently performed its obligations under the 1996-97 contract, not that it actually breached the contract. However, our supreme court has held that a breach of contract may occur by misfeasance. Berry v. Druid City Hosp. Bd., 333 So.2d 796, 800 (Ala.1976) (also discussing a line of cases determining whether the plaintiff had stated a cause of action in tort where he or she clearly stated an action for breach of contract). Thus, we conclude that Plantation South could maintain a breach-of-contract claim related to Profile Management’s alleged misfeasance or negligence regarding the supervision of the 1996 roofing project.
In order to defeat Profile Management’s properly supported motion for a summary judgment on the breach-of-contract claim, Plantation South was required to present evidence indicating the existence of a valid contract, its own performance under the contract, Profile Management’s nonperformance, and resulting damage. See Southern Med. Health Sys., Inc., 669 So.2d 98, supra. Plantation South argued to the trial court, as it does to this court, that Profile Management’s duty to supervise the roofing contract arose from the following portion of the 1996-97 management contract:
“[Profile Management] will provide an oversight of all contracts for goods or services which are provided to the Association. All contracts of ten thousand dollars ($10,000) or more will be let by bid and a recommendation provided to the Board. All such contracts shall be supervised by [Profile Management] and work and financial reports shall be presented to the Board before final approval.”
(Emphasis added.) Article 6 of the roofing contract entered into between Plantation South and ABC Roofing provides in part:
“1. All work shall be completed in a [workmanlike] manner and in compliance with all building codes and other applicable laws.
[[Image here]]
“3. To the extent required by law all work shall be performed by individuals duly licensed and authorized to perform said work.”
It is undisputed that when ABC Roofing replaced the roofs on the Plantation South condominiums, ABC Roofing did not have the permits and licenses required by law. In support of its motion for a summary judgment, Profile Management presented the affidavit of Norman Randolph, the president of Profile Management. Randolph’s affidavit states in pertinent part:
“When new roofs were installed at [Plantation South], new roofs were installed on all condominium units which were damaged after a hail storm. A roofing contractor was hired by [Plantation South]. The roofer came to the property and installed new roofs in the damaged areas. While the roofing contractors were installing the roofs and after the job was completed, I inspected the roofs to ensure that new roofing materials were put on the roof. To my knowledge, the roofing contractor did install new roofs on the condominium units.... However, Profile Management did not guarantee or warranty any work which was performed by subcontractors [for Plantation South].”
In opposition to Profile Management’s motion for summary judgment, Plantation South presented the affidavit of Scott Gouin, a licensed roofer and contractor, who testified that he had inspected the condominiums and had found that improper materials had been installed and that *669 some materials had been improperly installed.
We conclude that that portion of the management contract relied upon by Plantation South imposed upon Profile Management a duty to supervise the roofing contract. The roofing contract called for the work to be performed in a workmanlike manner by individuals duly licensed. It is undisputed that the work was not performed by duly licensed individuals, and Gouin’s affidavit creates a question of fact as to whether the work was performed in a workmanlike manner.
Accordingly, we conclude that Plantation South presented substantial evidence creating a question of material fact as to whether Profile Management breached its contract to supervise the 1996 roofing project. The trial court erred in entering the summary judgment in favor of Profile Management on that claim. As to that claim, the summary judgment is reversed.
The appellant’s request for an award of costs is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES, P.J., concurs.
CRAWLEY, THOMPSON, PITTMAN, and MURDOCK, JJ., concur in part and dissent in part.