SHAW, Justice
(concurring specially).
I concur in the main opinion. I write specially to make two observations. First, Shuler Brothers, Inc., wholly fails to discuss in its brief the proper statute of limitations applicable to its breach-of-contract action, and it does not dispute the Utilities Board of the City of Opp’s argument that Shuler Brothers’ breach-of-contract claim is actually a tort claim. I note that “we have a duty to affirm the judgment if the trial court is correct for any reason. See Ex parte CTB, Inc., 782 So.2d 188, 191 (Ala.2000) (‘[T]his Court must affirm the judgment of the trial court if that judgment is supported by any valid legal ground, even if that ground was not argued before the trial court or this Court.’).” Patterson v. Liberty Nat’l Life Ins. Co., 903 So.2d 769, 780 (Ala.2004).
Second, although the Utilities Board argues that language in Bailey v. Liberty Mutual Insurance Co., 451 So.2d 279 (Ala.1984), indicates that, when a contract does not expressly require due care in the act contracted to be performed, a claim that the failure to exercise due care in'performing the act sounds in tort and not contract, the actual contract at issue in Bailey expressly disclaimed any duty of due care. Thus, the language from Bailey cited by the Utilities Board appears to be dicta. The main opinion correctly relies on the rationale stated in Berry v. Druid City Hospital Board, 333 So.2d 796 (Ala.1976), and confirmed in Wright v. Sears, Roebuck & Co., 355 So.2d 353 (Ala.1978); Holley v. St. Paul Fire & Marine Insurance Co., 396 So.2d 75 (Ala.1981) (plurality); Taylor v. Baptist Medical Center, Inc., 400 So.2d 369 (Ala.1981); Plantation South Condominium Ass’n, Inc. v. Profile Management Corp., 842 So.2d 663 (Ala.Civ.App.2001); and Watts Homes, Inc. v. Alonzo, 452 So.2d 1331 (Ala.Civ.App.1984), which indicates that Shuler Brothers’ claim sounds in contract and not in tort.