IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 

MALAIKA FLOYD, an individual; and ) 
K. P., a minor, by and through her mother ) 
and next friend, MALAIKA FLOYD; ) 
 ) 
 Plaintiffs, ) 
v. ) CASE NO. 2:19-cv-434-ECM 
 ) (WO) 
VCP BRIDGE KROFT, LLC; HAMMOND ) 
RESIDENTIAL GROUP, INC., VARDEN ) 
CAPITAL PROPERTIES, LLC, and ELITE ) 
STREET CAPITAL BRIDGE CROFT ) 
EQUITY DE, LP, ) 
 ) 
 Defendants. ) 

 MEMORANDUM OPINION AND ORDER 

 Now before the Court is the Plaintiffs’ motion to remand (doc. 19), filed on 
July 18, 2019. Defendants VCP Bridge Kroft, LLC, Hammond Residential Group, 
Inc., and Varden Capital Properties, LLC filed their response (doc. 21) on August 5, 
2019 and the Plaintiffs filed a reply (doc. 30-1) on August 13, 2019. For the reasons 
set forth below, the Court concludes that the Plaintiff’s motion for remand is due to 
be GRANTED. 
 I. STATEMENT OF FACTS AND PROCEDURAL HISTORY 
 On March 10, 2019, the Plaintiffs filed their initial complaint in the Circuit 
Court of Montgomery County, a county within the Middle District of Alabama. The 
original complaint named VCP Bridge Kroft, LLC (“VCP”) and Hammond 
Residential Group, Inc. (“Hammond”) as defendants, along with sixteen fictitious 

parites, as allowed by Alabama Rule of Civil Procedure 9(h). The Plaintiffs noted 
in the original complaint that the fictitious defendants described therein, whose true 
names were unknown to the Plaintiffs at the time of filing, would be added by 

amendment when the true names of the parties were ascertained. 
 The Plaintiffs amended their complaint on March 27, 2019, and again on April 
9, 2019, to add defendants Varden Capital Properties, LLC, (“Varden”) and Lincoln 
Apartment Management Limited Partnership (“Lincoln”)1. As of the filing of the 

second amended complaint, the Plaintiffs were citizens of the state of Alabama for 
the purposes of diversity jurisdiction. Defendants VCP, Hammond, and Varden 
were citizens of other states, but defendant Lincoln was a citizen of the state of 

Alabama. As a result, there was not complete diversity among the parties and the 
case was not removable to federal court. 
 After learning from counsel for the Defendants that “Lincoln Apartment 
Management Limited Partnership” was not the correct name of the property 

management company at the time of the incident made basis of the complaint, the 
Plaintiffs filed a motion on May 29, 2019, to dismiss Lincoln as a defendant and 

1 Lincoln was added as a defendant in the first amended complaint as “Lincoln Property Management, 
LLC”, then renamed “Lincoln Apartment Management Limited Partnership” in the second amended 
complaint. 
contemporaneously filed a third amended complaint naming Elite Street Capital 
Bridge Croft Equity DE, LP (“Elite Street”) as a defendant. Elite Street is a 

Delaware corporation for the purposes of diversity jurisdiction, therefore, after 
Lincoln was dismissed from the action and Elite Street was added, complete 
diversity of citizenship was achieved and the case became removable to federal court 

pursuant to 18 U.S.C. § 1446(b)(3). 
 Elite Street was served with process on May 31, 2019. Subsequently, 
defendants VCP, Hammond, and Varden (“Consented Defendants”) filed a notice of 
removal (doc. 1) with this Court on June 20, 2019, alleging that Elite Street was not 

properly joined as a defendant in the third amended complaint. The Consented 
Defendants attached as exhibits to their notice the original, amended, second 
amended, and third amended complaints, along with the state court record. The 

Consented Defendants answered the third amended complaint in federal court on the 
same day. (Docs. 2, 3, and 4). Elite Street, however, answered the third amended 
complaint in state court on June 28, 2019. 
 The Plaintiffs filed their motion to remand (doc. 19) on July 18, 2019, arguing 

that the removal was procedurally defective pursuant to 18 U.S.C. 1446(b)(2)(A) 
because Elite Street had not consented to the removal. The Consented Defendants 
responded to the motion on August 5, 2019 (doc. 21), alleging that Elite Street had 

been improperly substituted as a party in the third amended complaint and, as a 
result, Elite Street’s consent was not required to remove this action to federal court. 
Plaintiffs replied on August 13, 2019 (doc. 30-1), arguing that Alabama’s fictitious 

party practice allowed the Plaintiffs to substitute additional defendants when the 
proper names of those defendants became known to the Plaintiffs. 
 II. STANDARD OF REVIEW 

A. Removal Generally 
 Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life 
Ins. Co. of Am., 511 U.S. 375, 377 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 
1095 (11th Cir. 1994). Accordingly, these courts only have the power to hear cases 

over which the Constitution or Congress has given them authority. See Kokkonen, 
511 U.S. at 377. Congress has empowered the federal courts to hear cases removed 
by a defendant from state to federal court if the plaintiff could have brought the 

claims in federal court originally. See 28 U.S.C. § 1441(a); Caterpillar Inc. v. 
Williams, 482 U.S. 386, 392 (1987). Federal courts may exercise diversity 
jurisdiction over civil actions where the amount in controversy exceeds $75,000 
exclusive of interest and costs, and the action is between citizens of different states. 

28 U.S.C. § 1332(a)(1). However, “removal statutes are construed narrowly; where 
plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor 
of remand.” Burns, 31 F.3d at 1095. 
B. Removal Under § 1446(b)(3) 
 The Consented Defendants removed this action under the subsection of § 1446 

that reopens the removal period for thirty days when the defendant receives a 
document “from which it may first be ascertained that the case is one which is or has 
become removable.” § 1446(b)(3). The procedure for removal under § 1446(b)(3) 

is governed by Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007), 
overruled on other grounds by Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 
752 (11th Cir. 2010); see also Sallee v. Ford Motor Co., No. 2:13-CV-806, 2014 
WL 1492874, at *4–5 (M.D. Ala. 2014) (relying on Lowery to explain the procedure 

governing § 1446(b)(3) removals); Erby v. Pilgrim's Pride, No. 2:16-CV-0497, 2016 
WL 3548792, at *7 (N.D. Ala. 2016) (finding that Lowery remains “the binding 
framework for removing under § 1446(b)(3)”). 

 Where a plaintiff timely challenges the propriety of removal under § 
1446(b)(3), as the Plaintiffs have done here, a defendant must “unambiguously 
establish federal jurisdiction.” Lowery, 483 F.3d at 1213; see also Advantage Med. 
Elecs, LLC v. Mid-Continent Cas. Co., No. 14-0045, 2014 WL 1764483, at *5 (S.D. 

Ala. 2014) (“Lowery’s unambiguously establish burden replaces [the 
preponderance-of-the-evidence] burden when a plaintiff challenges the procedural 
propriety of a removal under [§ 1446(b)(3)] by . . . timely moving to remand under 

§ 1447(c)” (citation and internal quotation marks omitted)). 
 The district court must “review the propriety of removal on the basis of the 
removing documents.” Lowery, 483 F.3d at 1211. Removing documents include “all 

documents before the court when it reviews the propriety of removal” that are 
relevant to making such assessments. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 
744, 773 n.28 (11th Cir. 2010) (citing Sierminski v. Transouth Fin. Corp., 216 F.3d 

945, 949 (11th Cir. 2000)). If this evidence is insufficient to establish proper 
removal and jurisdiction, “neither the defendants nor the court may speculate in an 
attempt to make up for the notice's failings.” Lowery, 483 F.3d at 1214–15. 
 III. DISCUSSION 

A. The Parties’ Positions 
 The Plaintiffs move for remand on the basis that the Consented Defendants’ 
notice of removal is procedurally defective because Defendant Elite Street did not 

join in the removal of this action. Relying on the “rule of unanimity,” where “all 
defendants who have been properly joined and served must join in or consent to the 
removal of the action,” the Plaintiffs assert that Elite Street’s failure to consent to 
the removal of this action deprives this Court of jurisdiction. 28 U.S.C. § 1446(c); 

see also Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1207 (11th Cir. 
2008) (“The unanimity rule requires that all defendants consent to and join a notice 
of removal in order for it to be effective.”). The Plaintiffs contend that Elite Street 

was properly joined in the state court action because Alabama Rule of Civil 
Procedure 9(h) allows fictitious party pleading, wherein a plaintiff may designate 
fictitious parties in the complaint and later amend the complaint to substitute the true 

party’s name. Ala. R. Civ. P. 9(h). The Plaintiffs named fictitious parties in each of 
the initial, amended, second amended, and third amended complaints. 
 The Consented Defendants, on the other hand, argue that Elite Street was never 

properly joined as a party because, pursuant to Alabama Rule of Civil Procedure 21, 
which governs misjoinder issues, parties may only be dropped or added by an order 
of the court. Ala. R. Civ. P. 21. The Consented Defendants assert that the Plaintiffs 
improperly attempted to join Elite Street as a defendant by means of substituting 

Elite Street for Lincoln in the third amended complaint, without an order of the state 
court.2 The Consented Defendants also argue that had it been properly joined, Elite 
Street would have consented to removal. This contention is supported by a consent 

to removal document signed by counsel for Elite Street on August 2, 2019, and 
attached as Exhibit A to the Consented Defendants’ response to the Plaintiffs’ 
motion to remand. (Doc. 21-1). 
B. Elite Street is a Proper Defendant in this Action 

 The parties here focus on issues of joinder, substitution of parties, and fictitious 
party pleading under Rules 9 and 21 of the Alabama Rules of Civil Procedure. Ala. 

2 This argument is undermined by the fact that Elite Street filed an answer to the third amended complaint 
in the state court. 
R. Civ. P 9(h) and 21. The issue of whether Elite Street was a proper defendant in 
the state court action at the time of removal, however, is a matter governed by Rule 

15 of the Alabama Rules of Civil Procedure, which addresses amended and 
supplemental pleadings. Ala. R. Civ. P. 15. Rule 15 specifies that “unless a court 
has ordered otherwise, a party may amend a pleading without leave of court . . . at 

any time more than forty-two (42) days before the first setting of the case for trial . 
. . .” Ala. R. Civ. P. 15(a) (emphasis added). The state court docket attached as an 
exhibit to the Consented Defendants’ notice of removal (doc. 1-5) shows that, as of 
the date of removal, this case had not been set for trial in state court. Therefore, the 

Plaintiffs could, without leave of court, amend their complaint to add or drop parties, 
as they did in the first, second, and third amended complaints. 
 The Plaintiffs filed their third amended complaint on May 29, 2019, dropping 

Lincoln as a defendant and adding Elite Street. At that time, consistent with 
Alabama state law, the third amended complaint became the operative complaint in 
the action, superseding any previously filed complaints. See Holley v. St. Paul Fire 
& Marine Ins. Co., 396 So. 2d 75, 79 (Ala. 1981) (noting that once an amended 

pleading is interposed, the original pleading no longer performs any function); see 
also Grayson v. Hanson, 843 So. 2d 146, 149 (Ala. 2002) (holding that an amended 
complaint superseded the previously filed complaint and became the operative 

pleading.). No further court orders were necessary to join Elite Street as a defendant 
and all other complaints were nullities. This Court finds that, at the time of removal, 
Elite Street was a proper defendant in the state court action and was therefore 

required to consent in the removal action. 
C. Unanimous Consent is not Present 
 Pursuant to 18 U.S.C. 1446(b)(3), “a notice of removal may be filed within 

thirty days after receipt by the defendant . . . of a copy of an amended pleading, 
motion, order or other paper from which it may first be ascertained that the case is 
one which is or has become removable.” 18 U.S.C. § 1446(b)(3). The instant case 
became removable based on diversity jurisdiction upon the service of the Plaintiffs’ 

third amended complaint, as complete diversity was achieved when Lincoln was 
dropped as a defendant and Elite Street was added. 
 “[T]he law is well settled that in cases involving multiple defendants, all 

defendants must consent to the removal of a case to federal court.” Russell Corp. v. 
Am. Home Assurance Co., 264 F.3d 1040, 1049 (11th Cir. 2001). The unanimity rule 
“must be strictly interpreted and enforced because of the significant federalism 
concerns arising in the context of federal removal jurisdiction.” Id. Because Elite 

Street was a proper defendant, it was required to consent to the removal of this 
action. In their response to the motion to remand (doc. 21), the Consented 
Defendants argue that had Elite Street been properly joined in state court, it would 

have consented to removal. However, Elite Street was served with process on May 
31, 2019, but did not join in or consent to the notice of removal which was filed with 
this Court on June 20, 2019 (doc. 1). Instead, Elite Street answered the third 

amended complaint in state court on June 28, 2019, eight days after the case was 
removed. 
 Although the Consented Defendants assert that Elite Street would consent to 

removal, such consent is evidenced only by way of an exhibit attached to the 
Consented Defendants’ response to the motion to remand (doc. 21-1), which was 
not filed until August 5, 2019.3 Given that Elite Street was served with process on 
May 31, 2019, and should have been on notice that the case was removed, this 

purported consent, even if effective, was filed well beyond the thirty-day period in 
which a defendant may consent to removal. 18 U.S.C. § 1446(b)(2)(B); see also 
Lowery, 483 F.3d at 1212–13 (“Regardless of the type of case, a defendant must 

remove within thirty days of receiving the document that provides the basis for 
removal.”); see also Nathe v. Pottenberg, 931 F. Supp. 822, 825 (M.D. Fla. 1995) 
(“To effect removal, each defendant must join in the removal by signing the notice 
of removal or by explicitly stating for itself its consent on the record, either orally or 

in writing, within the 30-day period prescribed in 28 U.S.C. § 1446(b).”). Because 
Elite Street has not timely consented, this Court finds that the removal is 

3 Notably, to date, Elite Street has not filed anything in this Court. Although Elite Street filed an answer in 
state court, the case had been removed eight days earlier, divesting the state court of jurisdiction. 
Accordingly, Elite Street has not properly appeared in this action. 
procedurally defective. 
D. Defendants Have Not Unambiguously Established Federal Jurisdiction 

 As Lowery mandates, a defendant must “unambiguously establish federal 
jurisdiction” to succeed in removing a case to federal court. Lowery, 483 F.3d at 
1213. Construing the unanimous consent rule strictly, as this Court is required to, 

Elite Street’s failure, as a properly named defendant, to timely consent to removal 
renders this Court without jurisdiction over this action. The Consented Defendants 
have failed to carry their burden to unambiguously establish that removal is proper 
and that this Court has jurisdiction over an action where not all defendants have 

consented to removal. Accordingly, it is 
 ORDERED that the Plaintiffs’ motion to remand (doc. 19) is GRANTED. 
 This action is REMANDED to the Circuit Court of Montgomery County, 

Alabama. The Clerk of the Court is DIRECTED to take the appropriate steps to 
effectuate the remand. 
 DONE this 5th day of November, 2019. 

 /s/ Emily C. Marks 
 EMILY C. MARKS 
 CHIEF UNITED STATES DISTRICT JUDGE